Watts &
    Sergeant
    1 ws    240
f''35 SC ³216

# Davis *against* Church.

The registry of a mechanic's lien is no record, and to a *scire facias* upon it, the plea of *nul tiel* record is a nullity.

Upon the death of a partner, the claims of the firm survive to the survivor, and may be prosecuted in his own name.

An amendment at common law is not the subject of a writ of error.

ERROR to the Common Pleas of *Cumberland* county.

Robert R. Church against James Davis, administrator, with notice to the directors of the Poor and House of Employment of Cumberland county.   *Scire facias sur* mechanic's lien.   The original claim filed was as follows:

Robert R. Church )   To the prothonotary of the Court of Com-
        *v.*            } mon Pleas of Cumberland county.
    James Davis.   )

Robert R. Church, Lumber Merchant, enters a lien against a certain frame stable or building erecting, or now erected, by the directors of the Poor and of the House of Employment for the county of Cumberland, upon a certain tract or parcel of land situate in North Middleton township, in the county of Cumberland and state of Pennsylvania, being on the farm of the directors, &c. and adjoining or appurtenant to the main buildings on said farm, and which joins, &c.; which stable or frame building was erected and constructed by and under the direction of the above-named James Davis, the architect, and for which the following lumber and materials were sold and delivered and furnished and used in the erection thereof, by the said Robert R. Church in (Dates, quantities, and prices set out.   Amount $200.32.)

You will please file the foregoing lien of record in your office, agreeably to law.

ROBERT R. CHURCH.

*29th September* 1832.

[Davis v. Church.]

The docket entry is:

Robert R. Church, surviving partner of the late firm of Crist & Church

*v.*

James Davis.

Entered 29th Sept. 1832.

No. 275, August Term, 1832.

The plaintiff files his claim, amounting to $200.32, due him for lumber furnished to James Davis, architect, and by him used in the erection of a certain frame stable for the directors of the Poor and House of Employment for the county of Cumberland, upon a certain tract of land, situate in North Middleton township, being on the farm of the said directors, &c., or appurtenant to the main building on said farm, and which joins and is bounded by lands of the heirs of Daniel Holmes, deceased, and others.

The above claim is filed for the purpose of making and establishing a lien on said stable, or farm-house, agreeably to the Act of Assembly.

The style of precipe for and docket entry of *scire facias* are, Robert R. Church, surviving partner of the late firm of Crist & Church, *v.* James Davis, with notice to the directors of the Poor and House of Employment for the county of Cumberland; and after Davis's death a *scire facias* in same style *v.* Eliza Davis, administratrix of James Davis, with notice, &c.

The writ recites, that Robert R. Church, surviving partner of the late firm of Crist & Church, filed in the office, &c., a claim amounting to $200.32, for lumber furnished by them, the said Crist & Church, to James Davis, and used by him in building, &c., and the command to show cause, &c. why Robert R. Church, surviving partner as aforesaid, should not have execution, &c.

Pleas, payment, *nul tiel* record; that the materials set forth in the claim filed were not furnished on the credit of the said frame stable, as alleged in said claim and *scire facias*. Also, that said stable is not bound or liable, &c. Rep. and issues.

Plaintiffs asked leave to amend the docket entry to correspond with the lien filed, which was objected to by defendants, and amendment allowed by the court. Judgment for plaintiff on the plea of *nul tiel* record, by the court.

On the trial the plaintiff offered the original lien, No. 275, August Term 1832. Defendants objected, inasmuch as it does not correspond with the *scire facias* issued afterwards, James Davis being the only defendant there set out on the docket.

Objection overruled, and docket entry read to show the time when the lien was filed, and against whom.

Exception taken by defendant, &c.

It was proved that the lumber was furnished by Crist and Church, and the quantity, price, &c. And the court below (Hepburn, President) was of opinion that the plaintiff was entitled to recover, and so instructed the jury. Verdict and judgment accordingly.

I. — 31          v

[Davis v. Church.]

Errors :

1. The court erred in permitting the amendment to be made.
2. In giving judgment for plaintiff on the plea of *nul tiel* record.
3. In admitting the lien filed to be given in evidence.
4. The claim filed created no lien, nor liability to the plaintiffs in the *scire facias;* and the judgment for plaintiffs is irregular, erroneous, and void. It is not supported by the record.

*Alexander*, for plaintiff in error. The claim filed does not say it was a partnership claim, but that the lumber was furnished by Church alone, and does not set out the liability of the directors of the Poor or their property in the docket. The amendment was not allowable because it introduced new parties. 3 *Whart.* 423; 4 *Whart.* 345; 2 *Troub. & Haly* 293, 425. The claim as made differs from the writ, and therefore not evidence. 3 *Stark. Ev.* 1531 ; 2 *Penn. Rep.* 301.

*Reed, contra.* The plea of *nul tiel* record was a nullity; the claim filed is not a record, it is a mere notice and only requires the same precision. The amendment was clearly proper, for a surviving partner claims exclusively in his own right. But there was no variance. 1 *Chit. Pl.* 15; 1 *East* 497; 1 *Whart.* 586; 8 *Serg. & Rawle* 124; 6 *Serg. & Rawle* 44.

PER CURIAM. — The registry of a mechanic's lien is no more a record than the registry of a mortgage is a record ; and the plea of *nul tiel* record was consequently a nullity. A judgment over-ruling it, therefore, could not, for that cause, be erroneous. Had there been a variance between the registry and the *scire facias*, the defendant might, perhaps, have demurred for it, but there was in truth no variance. It was necessary to have living parties on the record, and when Davis died it was proper to bring in his administrator. The amendment of the docket entry might, if necessary, be sustained as an amendment at the common law which is not a subject of error; but there was in truth no substantial variance which required amendment. On the death of Crist, the claim, with its remedy, survived to his partner Church, who might register it and sue for it in his own name. Indeed he could not do otherwise, for the action of a surviving partner is his own, and a count for what was at first a partnership demand, may be joined with another for the surviving partner's separate cause of action. Any discrepancy in this respect, therefore, was immate rial : and it is difficult to see why the paper did not create a lien, or why it ought not to have been given in evidence.

Judgment affirmed.