## Ballman v. Heron et al., Appellants.

*Mechanics' liens—Contract against—Subcontractor—Tenants in common.*

In the absence of fraud, one of several tenants in common may contract with his cotenants for the erection of a building upon the land held in common, and may waive in the contract his right to file mechanics' liens.

If the contract is not made in good faith but is entered into for the purpose of misleading, and so defrauding, subcontractors and material men, it should be held invalid because of the fraud, but not necessarily because the builder has a fractional interest in the lots on which he has contracted with the other owners to build.

Where a contractor agrees that no lien shall be entered "for the work or materials necessary for the erection of the houses," a subcontractor cannot file a lien for work done or materials furnished.

Argued Jan. 2, 1894. Appeal, No. 367, Jan. T., 1893, by defendants, Isabella Heron, owner, and Patrick Heron, contractor, from judgment of C. P. No. 4, Phila. Co., Dec. T., 1891, No. 176, on verdict for plaintiff, William Ballman, to use of John Lucas & Co. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Reversed.

Scire facias sur mechanic's lien. Before ARNOLD, J.

At the trial, it appeared that, on March 5, 1891, Patrick Heron and Isabella Heron entered into an agreement in writing which was as follows:

"This agreement made and entered into this 5th day of March, 1891, between Patrick Heron of the city of Philadelphia of the first part, and Isabella Heron of the said city of Philadelphia of the second part. The said Patrick Heron, of the first, agrees to build, erect, finish and complete eleven two-story six-roomed houses according to plans and specifications,

on a lot of ground situate on the southeast corner of Ontario and Philip streets, in the 33d ward in the said city of Philadelphia, for the sum of $9,500, money to be paid from time to time as the work progresses.

" And it is further agreed that the said Patrick Heron of the first agrees to file no liens against the same said houses, and will pay all bills for work done or materials furnished for the erection of the same said buildings, and will deliver the same said buildings over to Isabella Heron free of all charges for work done or materials furnished, on receiving the last payment."

It was admitted : " That Isabella Heron, one of the defendants, became the owner in fee of the lot of ground on which the eleven houses described in above lien are erected, on March 5, 1891, by deed from Annie Heron, and was the owner when the sci. fa. in the above case issued. That the lot of ground upon which said houses are erected is correctly described in said lien. That Patrick Heron, also a defendant, was the contractor for the erection of said houses. That this admission may be given in evidence upon the trial of above case, as proof of the facts herein stated."

The following agreement in writing was filed of record :

" And now, to wit, Feb. 2, 1893, it is hereby agreed that the record in above suit and proceedings be amended by striking therefrom the names of Annie Heron and Patrick Heron, as owners, wherever said names as owners occur in said record, and that the lien and suit stand against Isabella Heron, owner, and Patrick Heron, contractor."

Plaintiffs claimed that Patrick Heron was the real owner of the land in whole or in part, and that the contract was invalid as against material men.

Isabella Heron was called as if under cross-examination, and examined as follows: Mr. Stockwell : What do you propose to prove by this witness? Mr. Burnett: I propose to prove that she is not the only owner of this property. Objected to; it has been admitted by agreement of counsel, which is a matter of record, that Isabella is the owner of the property. Objection overruled; exception for defendant. [9]

The court charged in part as follows:

" You have heard the contract read, showing that Patrick Heron agreed to build the houses for Isabella Heron, and con-

taining a clause that there should be no lien filed against the buildings. If you are satisfied that Isabella Heron was the sole, separate and individual owner of these houses, and Patrick Heron had no interest whatever in them except as her contractor to do the work for her, that contract prevents the filing of a lien. There could be no recovery in a suit of this kind upon a mechanic's lien. Mr. Ballman would have to look to Patrick Heron alone. [If, on the other hand, you do not so believe, but are of the opinion, from the testimony of Patrick and Isabella Heron, that she held the title for him in whole or part, he had as much interest in it as she had, and this thing was only a cover to put title in her and keep it out of Patrick, so that he could make contracts of this kind or any other kind, then you may find in favor of the plaintiff for the whole amount of his claim as you find it to be. In other words, if you believe Isabella Heron was not the sole owner of the property, but that she and Patrick together held it, or that she held it for him in secret trust, then, of course, it is Patrick's in whole or in part, and the contract between them does not stand in the way of this lien and would not prevent the plaintiff recovering a verdict for whatever is due to him on that contract.] [1]

"First settle whether there is to be a verdict at all on this contract. [Do you believe it is Isabella Heron's own property, sole, separate and distinct, and that Patrick had no interest in it? If you do, then, under this contract, the verdict ought to be for the defendant. If you do not, if you believe that Isabella held it in trust for herself and Patrick, or for Patrick alone, not for herself wholly and alone, then you may find for the plaintiff for whatever sum you think he ought to have.] [2] That is to say, the contract for painting and any extra work you think he ought to have, less any abatement for bad work."

Defendants' points were as follows:

"1. A contractor may contract with the owner of a lot of land to erect a building or buildings upon the same, and that he will file no liens against the same, but will deliver the same to the owner free of all charges for work done or materials furnished, and, having so contracted, he, the said contractor, cannot file a mechanic's lien." Refused. [3]

"2. The right to a mechanic's lien is founded by law on a contract to build, and a subcontractor is dependent upon the

principal one, so that a subcontractor's right to file a mechanic's lien is limited by the terms of the contract between the builder and the owner." Refused. [4]

"3. If the jury believe, from the evidence, that William Ballman subcontracted with Patrick Heron to furnish a part of the material and to perform a part of the work and labor in the erection and building of Isabella Heron's houses, and that Patrick Heron had contracted with Isabella Heron to build the houses at a price agreed upon between them, and that he would not file a lien therefor, but would deliver them over to her free of all charges for work done or materials furnished, then Ballman, the subcontractor, had no right to file a mechanic's lien against Isabella Heron's houses for work and labor done and materials furnished under his contract with Patrick Heron." Refused. [5]

"4. If the jury believe, from the evidence, that William Ballman was subcontractor under Patrick Heron in the erection of the houses for Isabella Heron, and that Patrick Heron had contracted with Isabella Heron to build the houses at a price agreed upon between them, and that he would not file a lien therefor, but would deliver them over to her free of all charges for work done or materials furnished, on receipt of last payment, and that Isabella Heron, the owner, has fulfilled her part of the building contract with the said Patrick Heron, then William Ballman, the plaintiff, had no right to file a lien against Isabella Heron's houses for work and labor done and for materials furnished under his contract with Patrick Heron." Refused. [6]

"5. A person who voluntarily furnishes service or materials to another, without any precedent request or subsequent promise, cannot recover therefor, and if the jury believe, from the evidence, that William Ballman furnished the material and did the work set forth in his claim as 'extra work,' without any precedent request or subsequent promise on the part of either Patrick Heron, the contractor, or Isabella Heron, the owner, then the verdict must be for defendants." Refused. [7]

6. Request for binding instructions. Refused. [8]

Verdict and judgment for plaintiff.

*Errors assigned* were (1–8) instructions; (9) ruling on evidence; quoting instructions and bill of exceptions, but not evidence.

*A. E. Stockwell*, for appellants.—Where the principal contractor for the erection of a building has stipulated that, upon its completion, the building shall be delivered to the owner "free of all charges and incumbrances," a mechanic's lien cannot be filed by a subcontractor: Schroeder v. Galland, 134 Pa. 277; Murphy v. Morton, 139 Pa. 347; Evans v. Grogan, 153 Pa. 121; Nice v. Walker, 153 Pa. 123; Creswell Iron Works v. O'Brien, 156 Pa. 172.

The requirements of the statute are not satisfied by naming the wrong person as owner: Schwemmer's Ap., 11 W. N. 359; Smith's Ap., 6 W. N. 162; Day v. Garrett, 4 W. N. 368; Mfg. Co. v. Hospital, 4 W. N. 369; Dearie v. Martin, 78 Pa. 55; Knox v. Hilty, 118 Pa. 430.

Nor could the lien stand on the supposition that Patrick Heron was the equitable owner, for, where the materials are furnished for the owner of an equitable estate, the lien should be filed against the equitable owner as owner: Weaver v. Sheeler, 118 Pa. 634.

*William H. Burnett, John Sparhawk, Jr.*, with him, for appellee.—The names of owners improperly joined can be stricken out at any time: Act of April 9, 1862, P. L. 402; 2 Purd., p. 1168, § 50.

Knox v. Hilty, 118 Pa. 430, decides only that the name of a new owner cannot be added after the statutory period of filing the lien has expired.

The contract between the owner and contractor was not sufficient to deprive the subcontractor of his right to file a lien.

The subcontractor had a right to file a lien. The provision "to pay all bills and deliver free of all charges" is not a covenant that the subcontractor will file no liens. A covenant by the contractor to furnish releases will not prevent a lien by a subcontractor: Murphy v. Morton, 139 Pa. 345; Moore v. Carter, 146 Pa. 492; Loyd v. Krause, 147 Pa. 402; Bolton v. Hey, 148 Pa. 156.

In all cases where a subcontractor has been barred of his right, there has been a covenant by the contractor that no lien shall be filed, or that he will not permit a lien to be filed: Nice v. Walker, 153 Pa. 123; Creswell Iron Works v. O'Brien, 156 Pa. 172.

OPINION BY MR. JUSTICE WILLIAMS, March 26, 1894 :

The mechanic's lien in this case was filed on the 13th day of January, 1892, against Annie Heron, Isabella Heron and Patrick Heron, owners, and Patrick Heron, contractor.   In February, 1893, the record was amended by consent by striking out the names of Annie Heron and Patrick Heron as owners, leaving the defendants to stand as Isabella Heron, owner, and Patrick Heron, contractor.   At the trial an agreement in writing was placed upon the files setting forth that Isabella Heron became the owner in fee of the land on which the row of houses was built, on the 5th day of March, 1891, by deed from Annie Heron, that she was the owner when the writ of scire facias issued, and that Patrick Heron was the contractor for the erection of the houses.   The agreement further stipulated " That this admission may be given in evidence on the trial on the above case, as proof of the facts above stated."   It was used, as we understand, by the plaintiff in making out a case in chief.   The defendants replied by a denial of the plaintiff's claim for extra work, and by putting in evidence the contract between Isabella Heron, the owner, and Patrick Heron, the contractor, which expressly stipulated that no lien should be entered " for the work or materials necessary for the erection of the houses."   To escape from this stipulation the claimant made an attack upon the contract, alleging that Patrick Heron was in whole or part the owner of the lots; that Isabella Heron held the title as a trustee for her brother, so that Patrick Heron was in fact contracting with himself; and that the whole arrangement was a device to defraud subcontractors and material men.   If the facts were found by the jury to be as thus alleged, the contract was without effect, and presented no obstacle to a recovery by the claimant.   On the other hand, if Isabella Heron was the owner of the lots, and Patrick Heron was only a contractor for the erection of the houses, then the contract was valid and the subcontractor would be bound by its terms.   This question of the relation of Patrick Heron to the title, the court below submitted to the jury as the important question of fact on which their verdict should depend, telling them if Patrick Heron was an owner in part or in whole of the lots on which he contracted to build the houses, the covenant not to enter a lien was not binding upon him or upon

the claimant; but if he was not an owner, then his contract with the owner bound him and the subcontractors under him. This was a correct instruction upon the effect of a finding that Isabella Heron held the title merely as a trustee. But it is subject to criticism in so far as it holds that the ownership of a part interest in the land necessarily invalidates the contract. We see no reason why one tenant in common may not contract in good faith with his cotenants for the erection of buildings upon the land held in common; nor why a waiver of the right to file a mechanic's lien, in such a contract, should not be sustained. If the contract is not made in good faith but is entered into for the purpose of misleading, and so defrauding, subcontractors and material men, it should be held invalid because of the fraud, but not necessarily because the builder has a fractional interest in the lots on which he has contracted with the other owners to build. If Isabella Heron was a mere trustee, then Patrick was contracting with himself. He was both owner and contractor. But if Isabella Heron was an owner, whether of one half, or of nine tenths, of the lots, and her brother was a contractor, in good faith, with her as such part owner and holder of the title, we see no reason why the contract should not be upheld and enforced. Its validity should in that case turn on the intention of the parties. If it was intended to serve a fraudulent purpose it would be invalid. If it was an honest effort between tenants in common to improve the common property, it ought to stand.

There is also an apparent contradiction upon the record which we think should be noticed. The learned judge told the jury that if Isabella Heron was the owner of the lots, their verdict should be in her favor. This was clearly right. The defendants, however, presented to the court a series of points, four in number, in which the reasons for holding a subcontractor bound by the waiver of the contractor were presented in their order. In the first of these the court was asked to say that when a contractor covenants, in express terms, not to file a lien for his labor and materials employed in the work he has contracted to do, he is bound by his covenant, and cannot sustain a lien filed in disregard of it. The second point asked the further instruction that the right of the subcontractor to file a lien is derived through, and is dependent on, that of the contractor, so that

if the contractor is unable, by reason of his contract, to file a lien in any given case, the subcontractor is, for the same reason, unable to sustain a lien in the same case.   The third and fourth points presented the propositions contained in the first and second, as applicable to the facts, as the defendants assumed the jury might find them to be.   These points were severally refused without explanation.   He might well have said to the jury that these questions were not in the case if they found Isabella Heron was not the owner of the lots ; but if they found her to be the owner, then these questions were in the case, and the general rule, as stated in the first and second points, was the rule by which they were to be governed.   The direction in the general charge, to find for the defendants, if satisfied of the ownership of Isabella Heron, involved and was an affirmance of the doctrine of these points, and we do not understand why the points themselves were negatived.

This whole subject of the position of a subcontractor has been so frequently considered in the last four years that it cannot be necessary to enter upon any general discussion of it. The general rule is that the parties to a contract make their own bargains, and if unwilling to trust to the personal integrity or pecuniary responsibility of those with whom they deal, require them to give security for their faithful performance of that which they undertake to do.   In the case of contracts to build, the legislature has undertaken to provide security for one party to the contract by subjecting the property of the other to a statutory lien in advance of any judgment fixing the amount due.   The owner of the building is left to protect himself by action on the contract ; but the mechanic or material man is taken care of by the statute.   The contract to build is the basis on which the lien is made to rest.·   The lien itself is an additional remedy, a statutory security, for the price of work done or materials furnished under the contract.   This is class legislation.   It is a paternal interference between parties for the protection of one at the cost and inconvenience of the other.   It assumes the inability of certain persons to protect themselves, and the consequent duty of the state to intervene in their behalf.   We are not questioning the wisdom of such legislation as applicable to mechanics and material men.   That is a legislative question with which we have nothing to do.   Our ques-

tion is with the extent to which such legislation can override the actual contract entered into between owner and contractor. The law gives to debtors a right to retain personal property to the amount of three hundred dollars, exempt from levy and sale for debts. It protects their real estate from sale if it will rent for enough so that within seven years the rent will pay the liens. But the privileges thus conferred may be waived, and are often waived in business transactions. So the privilege of securing an unpaid bill for work or materials by the entry of a mechanic's lien may be waived by him on whom the legislature has conferred it; and there is no reason for supporting the waiver of the privileges of a debtor that will not apply with equal force to the waiver by a prospective creditor. The rule is now settled in this state that a contractor who has waived the right to enter a mechanic's lien by a stipulation in writing is bound by such agreement, as well as by any other agreement he may make. A mechanic's lien filed in violation of such agreement is invalid and will not be sustained. But if the contractor can relieve himself from the effect of his contract by simply subletting all the work, and the furnishing of all the materials, and so confer on the persons with whom he deals the right he has surrendered, and covenanted not to exercise, he is provided with an open way to the repudiation of his contract and the perpetration of fraud upon his employer, against which it is practically impossible to provide. The only just rule to hold on this subject is the logical one, that one who acquires rights under the contract, or by reason of the contract, of another, acquires no greater rights than were possessed by that person under whom the claim was acquired. Schroeder v. Galland, 134 Pa. 277 ; Murphy v. Morton, 139 Pa. 347 ; Evans v. Grogan, 153 Pa. 121 ; Nice v. Walker, 153 Pa. 123.

The answers to the points were inconsistent with the general charge, and at variance with the decisions of this court in the cases cited and many others.

For the reasons given this judgment must be reversed, and a venire facias de novo awarded.