William Ballman to use of John Lucas, trading as John
Lucas & Co., *v.* Isabella Heron, Owner, and Patrick
Heron, Contractor, Appellants.

*Evidence—Testimony taken at the first trial.*

Where it has been impossible to secure the presence of a witness who
had testified at the first trial of the cause, it is proper to admit evidence of
an unsuccessful effort to find the witness, in order to lay the foundation
for admitting the notes of the witness's testimony in the former trial.

*Mechanic's lien—Subcontractors—Fraud—Evidence.*

On a trial of a mechanic's lien filed by a subcontractor, where the
building contract provided that no lien should be filed, it is proper to
admit evidence to show that the contractor was the real owner of the
property, and that the contract had been made between him and the nom-
inal owner for the purpose of defrauding subcontractors and material
men.

In such a case there is sufficient evidence of fraud to submit to the jury,
where it appears that the nominal owner had always been a servant girl
working for small weekly wages, who had little or no knowledge of the
transaction, or of moneys deposited in bank to her credit by the contractor
who was her brother, that the brother made the contract, borrowed the
money to build the buildings on a ground rent deed signed by his sister,
and that he had the title insured when the loan was made.

Argued April 10, 1895. Appeal, No. 252, Jan. T., 1895, by defendants, from judgment of C. P. No. 4, Phila. Co., Dec. T., 1891, No. 176, on verdict for plaintiff. Before GREEN, WILLIAMS, McCOLLUM, DEAN and FELL, JJ. Affirmed.

Scire facias sur mechanic's lien. Before ARNOLD, J.

At the trial it appeared that the record owner of the property against which liens were filed was Isabella Heron, sister of the contractor, Patrick Heron. The building contract provided that no lien should be filed. The defense was that the contract was a fraudulent arrangement between Isabella and Patrick to defraud subcontractors and material men.

At the first trial of the case Isabella was present and under cross-examination testified that she had always been a servant girl at small wages per week.

At the second trial Isabella was not present, and plaintiff offered a witness to prove that diligent efforts had been made to find her in order to serve a subpœna upon her. This evidence was objected to. Objection overruled, and bill sealed for defendant. [8]

The notes of testimony of Isabella Heron taken at the first trial were admitted in evidence under objection and exception by defendant. [9]

The court charged as follows :

" This case, as you have been told, is a mechanic's claim to recover a balance of $447.10 for painting eleven houses up town. That the contract was made and that the houses were painted and the money earned is not in dispute. The defense is that the houses were owned by Isabella Heron and not by Patrick, and that by a contract made between Isabella and Patrick it was agreed that Patrick should build the houses but not file any liens, and, according to the law, a contract such as that will prevent a subcontractor from recovering for work done on houses by himself. So that the main question in dispute, and in fact the only question in dispute, is who owned the houses, Isabella or Patrick. It is contended by the plaintiff that Patrick was not only contractor but he was the owner and that Isabella, his sister, was a mere secret trustee for him. That is the substance of the plaintiff's contention. [The defense is made on behalf of Isabella, who is not present in court. Her

testimony has been read in which she says she has been all her
life a servant girl, earning various sums of money, as weekly
wages, and that she had earned enough to buy property and
build houses.] [1]    That testimony was taken on her former
trial, but she is not here to-day.    Patrick Heron denies that he
had any ownership in the property.    He says he boards in one
of the houses, denies that he receives the rent, but will not say
who collects it.

" Upon all the evidence in the case what do you believe?
[Do you believe that Patrick was the owner of these houses,
although they stood in Isabella's name, and she was a mere se-
cret trustee for him, or do you believe that the truth is accord-
ing to the face of the papers, that she was the out and out
owner, and that she made a contract with her brother Patrick
to build the houses with an agreement that there should be no
liens filed?    If you believe, upon all the testimony, that she
was the absolute owner of the property, that Patrick was not,
then this contract is sufficient answer to a claim by a sub-
contractor.    If you believe that the whole transaction was a
mere scheme to defraud creditors by putting the property in
her name which belonged to Patrick, then the contract be-
tween Patrick and his sister is merely a contract by himself
to himself and it does not stand in the way of a lien by a sub-
contractor.] [2]

" I hope I have made myself plain.    The whole dispute in
this case is who was the owner.    [Was Isabella the actual owner
of that property and did Patrick have no interest in it, or was
Patrick the sole owner of the property and the title placed in
his sister's name simply as a cover to keep creditors off?    If
you believe that Isabella was the owner of the property and
Patrick was not the owner of it, in that case the contract is a
complete answer to this claim and your verdict should be for the
defendant.    If, on the other hand, you believe Isabella was not
the owner, but Patrick was the owner, although the deed stood
in his sister's name, that she was a secret trustee for him, then
this contract does not stand in the way of a lien by the sub-
contractor and your verdict should be for the plaintiff.] [3]    It
is a mere question of fact for you as jurors to settle.    There
is no question of law involved in it at all.    [You are to deter-
mined on all the evidence in the case whether Patrick or Isa-

bella was the owner of the houses.  If Isabella was the owner that is an end of the lien.  If Patrick was the owner the lien is good.] " [4]

Plaintiff's points were among others as follows :

" 3. If the jury believe from the evidence that the alleged contract between Patrick Heron and Isabella Heron was not made in good faith, but was entered into for the purpose of misleading and so defrauding contractors and material men, the plaintiff is not deprived of his right to file a lien.  *Answer:* That is also true, as I said before, if you believe this property belongs to Patrick and was put in Isabella's name as a scheme to defraud creditors, the right to file the lien is good and the lien itself is good. [5]

" 4. If the jury believe from the evidence that the alleged contract between Patrick Heron and Isabella Heron was not made in good faith, but was entered into for the purpose of enabling Patrick Heron to use the contract to protect himself and thereby enable him to defeat a claim filed by a subcontractor or material men, the said contract is valid and the plaintiff's lien is valid.  *Answer:* That I affirm.  It comes down to the question, who owned the property?  Was the property owned bona fide by Isabella?  If so, the lien is bad.  If the property was owned by Patrick, and put in her name to defraud creditors and defeat subcontractors of their lien, the contract is no defense and the lien would be good." [6]

Defendants' point, among others, was as follows :

" 6. Under all the evidence in this case, the verdict must be for the defendants.  *Answer:* That I refuse and I leave the question for you." [7]

Verdict and judgment for plaintiff for $527.56.  Defendants appealed.

*Errors assigned* were (1–7) above instructions, quoting them ; (8, 9) rulings on evidence, quoting the bill of exceptions.

*A. E. Stockwell,* for appellants.—The party who seeks to fasten a trust upon the legal title to land takes the burden of establishing it, and all the essential elements of that trust must be shown by clear and explicit and unequivocal proof : Hayes' App., 123 Pa. 110 ; Earnest's App., 106 Pa. 310 ; Brickell v. Early, 115 Pa. 473 ; Hart v. Carroll, 85 Pa. 508 ;

Erie & W. V. R. R. v. Knowles, 117 Pa. 77; Spencer v. Colt, 89 Pa. 314; Bowers v. Bowers, 95 Pa. 477; Blyholder v. Gilson, 18 Pa. 134; Cross's App., 97 Pa. 471.

*William H. Burnett, John Sparhawk, Jr.,* with him, for appellee.—The demeanor of a witness is a good test of his credibility: 1 Taylor on Evidence, 75; 1 Greenleaf on Evidence, sec. 10. The jury are the judges of the credibility of a witness: Prowattain v. Tindall, 80 Pa. 295; Grambs v. Lynch, 1 Yeates, 108.

The defeat of plaintiff's claim would be a gross fraud.

Opinion by Mr. Justice Green, July 18, 1895:

When this case was here before, 160 Pa. 377, we expressly ruled that if the contract between Isabella Heron and her brother Patrick was a mere " device," it " was without effect and presented no obstacle to the recovery of the claimant." Our brother Williams, delivering the opinion further said, " If the contract is not made in good faith but is entered into for the purpose of misleading and so defrauding subcontractors and material men, it should be held invalid because of the fraud."

The testimony on the former trial so far as this subject is concerned, was practically the same as on the last trial, from which the present appeal is taken.

An examination of the present record shows that the last trial was conducted by the learned court below precisely on this line. The first eight assignments of error relate to the charge of the court upon this one subject, and the admission of evidence to prove an unsuccessful effort to find Isabella Heron in order to serve a subpœna upon her. As this effort was necessary to be proved in order to lay the foundation for admitting the notes of her testimony on the former trial, of course the offer of the proof was competent and was properly allowed.

The objection to the effect of the testimony as to the fraudulent purpose of the parties, that it was not sufficient to establish a resulting trust, is not tenable and the authorities cited are inapplicable. The evidence was not offered to create a resulting trust adverse to the holder of the legal title, but to establish a charge of fraud in which it was claimed that both the parties to the title participated, for the purpose of defrauding strangers

to the title, who dealt with the parties in the way of furnishing labor and materials.  If the transaction was of such a character it would not prevail against such parties.  This was what we held before and in that regard the learned court below followed our ruling, and in so doing no error was committed.

The only remaining question therefore was, whether there was sufficient evidence to leave to the jury on this subject. An examination of the testimony of the two defendants convinces us that the evidence was quite sufficient to raise the question.  Aside from the proof that Isabella Heron was always a servant girl only working for small weekly wages, and, therefore, could not have the means to engage in such enterprises, it was quite undisputed that the actual transactions were all conducted by her brother.  It was he who made the contract, he who raised the money to pay for the cost of the buildings, by effecting a loan upon a ground rent deed signed by his sister because the title to the land was in her, he who had the title insured when the loan was made.  The sister when examined had little or no knowledge, even of the deposits in bank to her credit, from the money borrowed, nor could she tell from what sources she derived money to anything like the extent required in the transaction.  The brother drew the checks for the money that was paid out, his sister merely signing them, and he testified that he sometimes made the deposits for her.  When asked for information as to where his sister lived or could be found, he denied all knowledge upon that subject, and also as to her occupation.  When asked as to the collection of rents of the houses he refused to answer.  His testimony was evidently uncandid, unsatisfactory, and given with an apparent desire to conceal the real state of the facts.  The testimony of the sister was inadequate, apparently on account of her ignorance of the actual facts of the situation.  It can be easily understood that the appearance, and the manner of testifying, of such witnesses, were of great importance in determining their credibility, and the true effect of their testimony.  The case was one which necessarily required a submission of all the testimony to the jury who alone could adjudge the facts.  We think the court was entirely correct in refusing a binding instruction to find for the defendant and in leaving the whole case to the jury.

There is no merit in the ninth assignment.  As a matter of

course the notes of the testimony of Isabella Heron on the former trial, being offered in evidence by the plaintiff, were admissible in evidence against her.    As she was absent from the trial and could not be found after diligent search, there was no other course to pursue.    The assignments of error are all dismissed.

Judgment affirmed.