Jacob A. Bohem & Brothers, Incorporated, Appellant, *v.* Ida F. Seel, Owner or Reputed Owner, and John E. Norton, Contractor.

*Mechanic's lien — Subcontractor — Lump sum — Amendments—Act of June* 11, 1879.

Where a person who is really an owner of a building, although holding himself out as a contractor, makes a contract for a lump sum with a material man, the latter may file a lien for the lump sum specified in the contract.

Where a material man files a mechanic's lien against a building for a lump sum, naming one person as owner, and another as contractor, and subsequently ascertains that the person named as contractor was really the owner of the building, and had transferred the title to the reputed owner in order to defraud his creditors, the court may, under the Act of June 11, 1879, P. L. 122, even after the expiration of six months from the filing of the lien, permit the record to be amended so that the person named as contractor shall appear as owner; but such amendment will not affect any intervening rights of terre-tenants or other persons. Ballman v. Heron, 160 Pa. 377 and 169 Pa. 510, followed.

Argued Jan. 7, 1898. Appeal, No. 191, Jan. T., 1897, by plaintiff, from order of C. P. No. 1, Phila. Co., June T., 1896, No. 167, M. L. D., discharging rule to amend mechanic's lien and making absolute a rule to strike it off. Before STERRETT, C. J., GREEN, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Reversed.

Rule to amend mechanic's lien.

Rule to strike off mechanic's lien.

From the record it appeared that the appellant made a verbal agreement with Ida F. Seel and John E. Norton to furnish the heaters, ranges, slating and metal work, consisting of the cornices for twenty-three houses, which the said Seel and Norton were erecting upon lots of ground on the west side of Heiskill street, in the twenty-second ward of Philadelphia, for the price of $100 per house, to wit, $2,300. An apportioned mechanic's lien was filed by plaintiff against the said twenty-three houses on September 11, 1896, in which the said Ida F. Seel was named as owner or reputed owner, and the said John E. Norton as contractor. The work was done between October 5, 1895, and

July 31, 1896. No objection was made to said lien until February 17, 1897, when the said Ida F. Seel, having sold said property a short time previously to one Alexander McKenna, the latter applied to the court for a rule to strike off said lien on the ground that the lien contained a lumping charge and was thus void. On the hearing of this rule, plaintiff asked leave to amend and subsequently filed an affidavit in which it asked for a rule to show cause why it should not have leave to amend the lien by striking out the word contractor after the name of Norton, so that the same should read Ida F. Seel and John E. Norton, owners. The rule to show cause was granted, and on March 27, 1897, was, after hearing, discharged, and the rule to strike off the lien made absolute.

*Errors assigned* were above orders.

*Thomas R. Elcock*, for appellant.—A lumping charge is bad where the claimant is a subcontractor: Russell v. Bell, 44 Pa. 47.

The lien against Norton was admittedly filed in time, and if he is not properly designated the amendment is permissible. The lien in no respect was void, but only voidable on the ground of a lumping charge, if it can be so regarded: Knox v. Hilty, 118 Pa. 430; Hillary v. Pollock, 13 Pa. 186; Driesbach v. Keller, 2 Pa. 77; McFarland v. Schultz, 168 Pa. 634.

Being only a matter of form, the question of time at which the amendment can be made is not of importance, for the act allows it to be made at any stage of the proceedings: Singerly v. Cawley, 26 Pa. 248; Lucas v. Heron, 169 Pa. 510; Ballman v. Heron, 160 Pa. 377.

*Sheldon Potter*, with him *Leoni Melick*, for appellees.—A lien filed by a subcontractor, which does not specify the kind and amount of work done or material furnished, or which does not separate the work from the materials, and is for a lump sum, is defective: Russell v. Bell, 44 Pa. 47; Lee v. Burke, 66 Pa. 336; Wharton v. Investment Co., 180 Pa. 168.

The present lien claim did not contain the requisites provided by law, and it, therefore, was not notice to Alexander McKenna, who purchased the property from Ida F. Seel, even though he saw it upon the record, nor was it in proper form to

bind the estate of Ida F. Seel, and hence it was not within the act of assembly providing for amendments: Knox v. Hilty, 118 Pa. 430 ; College v. Church, 1 W. & S. 462; McCay's App., 37 Pa. 125; Lauman's App., 8 Pa. 473 ; Imperial Refining Co.'s App., 149 Pa. 139 ; Linden Steel Co. v. Refining Co., 138 Pa. 10.

OPINION BY MR. JUSTICE MITCHELL, April 11, 1898 :

The lien was filed in time but was defective on its face in being filed by a subcontractor and containing only a lumping charge.   Plaintiff however averring that John E. Norton, named in the lien as contractor, was in reality the owner, and the title was put by him in the name of Ida F. Seel as a device to defraud his creditors, moved to amend by striking off the word "contractor" after Norton's name so that the lien should stand on the record as against Seel and Norton, "owners." The court however discharged a rule to this effect, and made absolute a rule to strike off the lien.

The amendment was asked after the six months in which a lien could have been filed, and we have therefore to consider whether it should have been allowed under the Act of June 11, 1879, P. L. 122.   We are of opinion that so far as the parties now before us are concerned the amendment was purely formal and should have been allowed as "conducive to justice and a fair trial upon the merits" within that act.   No new party is sought to be brought on the record, all were before the court already.   The only change is in the capacity in which Norton is to be charged.   He is named now as contractor, and plaintiff's contract is charged to have been made with him.   If he was in fact the owner, as now averred, he has no equity to complain that his houses are made liable for the debt which he incurred in building them, and his apparent legal right to have them escape lien in a lump sum by a subcontractor, is negatived by the fraudulent device resorted to in order to protect them from a lien to which on the true facts they would be subject.   We regard the case as belonging to the class of Ballman v. Heron, 160 Pa. 377, and 169 Pa. 510, where it was held that one of several tenants in common may become contractor for the improvement of the joint property, and his part ownership will not prevent his waiver in good faith of the right of lien both as to himself and his subcontractors, but "if the contract

is not made in good faith but for the purpose of misleading and so defrauding subcontractors and material men, it should be held invalid because of the fraud." So in the present case if Norton was in fact the owner, his contract with plaintiff for a lump sum was valid and would sustain the lien. The plaintiff should be allowed to so amend his claim of record as to enable him to prove the facts, if they are as he avers.

Of course this amendment affects only the parties to the record now before us. If there are any intervening rights of terre-tenants or others they will not be prejudiced by this decision but will stand or fall upon their own merits.

The order striking off the lien is reversed, the rule to amend reinstated and made absolute, and the record remitted for further proceedings.