Westmoreland Guarantee Building & Loan Association, Appellant, v. Connor.

216      543
f 35 SC ²645

216     543
f223    ²129

216     543
f41SC²225
41SC²585

*Mechanics' liens—Stipulation against liens—Contract—Covenants—Mortgage.*

One of several tenants in common may contract with the others for the improvement of the joint property and his part ownership will not prevent his waiver in good faith of the right of lien both to himself and to his subcontractors. It is only where the contract is made in bad faith for the purpose of misleading and defrauding subcontractors and material men that the stipulation against filing liens will be held invalid.

*Mechanic's lien—Contract—Failure to set forth contract in claim.*

A mechanic's lien is purely statutory and a compliance with the statutory requirements is necessary in order to give it validity. When the act of assembly directs specifically that a particular thing shall be done in order to establish a claim, substantial conformity will not answer; there must be a compliance with the requirement.

Where a verbal contract to do the plastering in a building' operation is superseded by a written contract, and the work is actually done under the written contract, the written agreement must be set forth in the claim filed for a mechanic's lien, in order to render the lien valid.

Argued Oct. 29, 1906. Appeal, No. 111, Oct. T., 1906, by plaintiff, from order of C. P. No. 1, Allegheny Co., Sept. T., 1904, No. 160, confirming auditor's report in case of Westmoreland Guarantee Building and Loan Association of Pennsylvania v. Charles D. Connor with notice to J. A. Wakefield, terretenant. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Reversed.

Scire facias sur mortgage.

Exceptions to report of J. McF. Carpenter, Esq., auditor, appointed to make distribution of a fund arising from a sheriff's sale of real estate.

The facts are stated in the opinion of the Supreme Court.

*Errors assigned* were in overruling exceptions to auditor's report.

*Wm. A. Griffith,* with him *David E. Mitchell* and *J. F. Mc-Naul,* for appellant.—A mortgagee will not be affected by any fraudulent contrivances between the mortgagor and another in which he did not participate: McGuire et al. v. Faber et al., 25 Pa. 436 ; Beck v. Parker, 65 Pa. 262.

There is no reason why one tenant in common may not contract in good faith with his cotenant for the erection of buildings upon the land held in common ; nor why a waiver of the right to file a mechanic's lien in such a contract should not be sustained : Ballman v. Heron, 160 Pa. 377.

A mortgagee stands in the same position as a purchaser for value : Hulett v. Mutual Life Ins. Co., 114 Pa. 142 ; Martin v. Jackson, 27 Pa. 504 ; Lessee of Heister v. Fortner, 2 Binney, 40 ; Cover v. Black, 1 Pa. 493 ; 24 Am. & Eng. Ency. of Law

(2d ed.), pages 122 and 123; Dempwolf v. Greybill, 213·Pa. 163; Logan v. Eva, 144 Pa. 312.

Purchasers and creditors stand in the same position and owe the same duty of inquiry for their own protection: Maul v. Rider, 59 Pa. 167; Tabor Street (No. 1), 26 Pa. Superior Ct. 167.

The plaintiff in this case made full inquiry, followed all requirements of the law and fully protected itself within the provisions of and decisions upon the law: Logan v. Eva, 144 Pa. 312.

*O. P. Robertson*, with him *J. L. Ralph*, for appellees, cited: Young v. Lyman, 9 Pa. 449; Wharton v. Investment Co., 180 Pa. 168; Este v. Penna. R. R. Co., 27 Pa. Superior Ct. 521; Wodock v. Robinson, 148 Pa. 503; Vito v. Birkel, 209 Pa. 206.

OPINION BY MR. JUSTICE FELL, January 7, 1907:

This appeal is from an order confirming the report of an auditor appointed to make distribution of a fund arising from a sheriff's sale of real estate. The contest was between a mortgage creditor and mechanic's lien creditors who furnished work and materials after the recording of the mortgage and after the filing in the office of the prothonotary of a building contract which contained stipulations against the filing of liens by the contractor or any other person. The contention of the mechanic's lien claimants was that the mortgagor had no interest in the land but held title for the owners thereof, who had commenced the building before the mortgage was recorded and who continued the work to its completion; that the building contract was in effect a contract by the owners with themselves and a subterfuge to prevent the filing of liens; that of these facts the mortgagee through its representative had full notice before any money had been advanced. The contention of the mortgagee was that the transaction between it and the mortgagor was a fair and legal one entered into for its protection and on faith in which it advanced $25,000; that the lien creditors, having contracted after the mortgage and building contract were on record, had no standing to contest the mortgage. The learned auditor found that there was no intention

on the part of the mortgagee to defraud anyone, but that the facts of real ownership and notice thereof were " of prime importance and controlling, in so far as priority of right between the contestants is concerned," and that the fact that the real owners were the actual builders postponed the mortgage to the mechanics' liens. His views were summarized in this statement: " There is no doubt that the plaintiff insisted on the execution of the no-lien contract for its own protection. It is not found that the Building & Loan Association intended to defraud any person, but it certainly assisted in the carrying through of a plan by which those who contributed of their materials and labor to make the property valuable might be subjected to loss, if the plan adopted should be used to accomplish that end."

The facts established beyond dispute by the testimony were these : C. A. Riffle was the owner of a lot and had agreed to purchase an adjoining lot with the intention of erecting a building that would cover both lots. He conveyed the lot he owned to C. D. Connor, and caused the title of the lot he purchased to be put in Connor's name. Connor had no interest in the land and the placing of the title in him was to serve the business purposes of Riffle, who did not wish to have his bonds outstanding. In April, 1903, Riffle began the construction of a building on the lots, which he carried on to the extent of completing the cellar walls. This work was all paid for and was not in question. While it was in progress, he applied to the Westmoreland Guarantee Building & Loan Association for a loan of $25,000 on mortgage, $10,000 of which was to be used to pay off existing mortgages on the lots, and the balance in erecting the building. He explained to J. R. Morrow, the manager of the association, the plans and estimated cost of the proposed building and his reasons for having the title in Connor's name. Morrow agreed to make the loan, but required as a condition precedent that releases of liens should be furnished as the work progressed before advances were made, or that the builder's contract, with a stipulation preventing the filing of liens, should be filed. The latter was furnished. Connor as owner entered into a written contract with J. L. Pyle, a contractor and builder, for the erection of the superstructure in accordance with plans and specifications annexed. From this contract the excavation for cellar and the founda-

tion walls were excluded and the contractor certified that he had done no work before the execution of the contract, and he stipulated that no liens should be filed. This contract was filed May 21, 1903, and the mortgage was recorded the same day. The mortgagee, in pursuance of the agreement made by its manager, Morrow, paid the full amount of the mortgage, $25,000. Of this amount about $10,000 was paid by the mortgagee to procure the satisfaction of prior mortgages, and the balance was paid to Pyle on Connor's written orders as the work progressed.

Whether Pyle was a joint owner of the land with Riffle or whether he had any interest in it, is not made clear by the testimony, and there is no distinct finding by the auditor on this question. The only finding on the subject is that " The building in question was erected wholly by and for J. L. Pyle and C. A. Riffle, who made all the contracts for materials and labor furnished and done by the several claimants whose liens are under consideration." The report of the auditor, however, is evidently based upon his conclusion that Pyle had an interest in the land, and in the discussion of the case it will be assumed that he had. This would not of itself invalidate the stipulation against the filing of liens. One of several tenants in common may contract with the others for the improvement of the joint property, and his part-ownership will not prevent his waiver in good faith of the right of lien both as to himself and to his subcontractors. It is only where the contract is made in bad faith for the purpose of misleading and defrauding subcontractors and material men that the stipulation against filing liens will be held invalid : Ballman v. Heron, 160 Pa. 377; s. c., 169 Pa. 510 ; Bohem & Bros. v. Seel, 185 Pa. 382. And in those cases it will be invalid only as to those who were parties to the fraud or had knowledge of it before their rights in the property had been acquired.

In this case there is no foundation for the contention that a fraud was contemplated by any of the parties to the agreement or those who were interested therein. The auditor distinctly refused so to find as to the mortgagee, and both Riffle and Pyle, who were called by the lien claimants, testified that the agreement was made in entire good faith without the thought of defrauding anyone. The mortgagee was loaning

money and insisted on a security that could not be impaired nor imperilled by the filing of mechanics' liens. This could be obtained only by a release of liens or by a contract prohibiting their being filed. The owner elected to give the latter as more convenient and practical. This agreement was placed on file in the prothonotary's office, as required by law, and it was notice to all parties furnishing labor or materials. The mortgage given by Connor at the instance of Riffle bound the latter's interest in the property as effectually as if he had executed it himself, and Pyle's interest, if he had any, was bound in the same way: Stiles v. Bradford, 4 Rawle, 394. The relation established between the parties for the protection of the mortgage was a legal one and, having been entered into in good faith, the priority of the lien of the mortgage was preserved.

The claim filed by one of the appellees, Andrew Frazer, was for work and material contracted for with Riffle in April, 1903, before the execution of the mortgage and building contract, but not furnished until August of the same year, after their execution. It is urged that since this contract was made with the owner before the recording of the mortgage, the claimant is entitled to preference over the mortgagee in distribution. Whether this would be the case if the lien were a valid one as against the owner, need not be considered, since it is invalid because of a failure to comply with the requirements of the Act of June 4, 1901, P. L. 431, that the claimant shall set forth in his claim "A copy of his contract or contracts, if in writing, or a statement of the terms and conditions thereof, if any of these are verbal." It is set out in the claim that "The contract was verbal, but afterwards the claimant gave the said J. L. Pyle and C. A. Riffle a written bid to do all the plastering, as per plan shown claimant, to furnish labor and material therewith in the erection and construction of said structure, and which had been accepted by said J. L. Pyle and C. A. Riffle," etc. The claimant testified that he made a verbal offer to do the plastering which was accepted, and he was then told to make a bid in writing, in which should be stated the character of the materials to be furnished, the manner in which the work was to be done, and the prices for the same, which he did, and the bid was accepted.

The auditor reported that this claim was in substantial conformity with the act and, in passing upon the exceptions to his report, he held that the contract was not in writing because the written bid was submitted after the price had been discussed and agreed upon. Neither position is tenable. A mechanic's lien is purely statutory and a compliance with the statutory requirements is necessary in order to give it validity. When the act of assembly directs specifically that a particular thing shall be done in order to establish a claim, substantial conformity will not answer; there must be a compliance with the requirement. The written bid submitted and accepted was the final expression of the agreement reached by the parties and all prior oral negotiations were merged in it. It was the agreement under which the work was done.

The order of the court confirming the auditor's report is reversed at the cost of the appellees, and the balance of the fund arising from the sheriff's sale, after the payment of taxes and costs, is awarded to the Westmoreland Guarantee Building & Loan Association.