Opinion by
Morrison, J.,
In the court below the plaintiff recovered a verdict against *215 the defendants for $110 for work and material alleged to have been furnished by the plaintiff in the construction of a certain building described in the lien; judgment having been entered on the verdict, defendants appealed. Upon the evidence submitted the jury found the merits of the case with the plaintiff, and we think there is sufficient evidence in the record to sustain the verdict.
The first assignment of error is to the refusal of the court, “ to strike the above case from the trial list, because the same is not at issue, because as a matter of law, the lien is invalid upon its face, and because no material issue of facts has arisen upon the record.” This is practically a motion for a continuance, except in so far as it alleges that no material issue of facts has arisen upon the record. As the refusal to continue it is in the discretion of the court and no abuse of discretion appearing, it is not assignable as error: Folker and Another, administrators of Huggins v. Satterlee, 2 Rawle, 213; Insurance Co. v. Simmons, 30 Pa. 299; Pringle v. Pringle, 59 Pa. 281. The latter case decides that ordering the issue to be put at the head of the trial list and to be tried upon its merits without pleadings, was within the sound discretion of the court below and not rightfully the subject of review on appeal.
As to so much of the first assignment as refers to the invalidity of the lien upon its face and the want of an issue of facts, little need' be said. The plaintiff had filed his lien, plainly stating therein the amount of his claim, a description of the property and that the claim was the reasonable price and value of the work and materials furnished, etc. He also averred that the covenant made in the attached contract to the effect that no lien shall be filed against the said building is void and inoperative because said covenant was procured by false representations and fraudulent devices, setting out the representations and devices in detail. With the lien upon the record and the above averments contained therein, the owner and contractor presented his petition under sec. 25, Act of June 4, 1901, P. L. 431, which provides for a discharge of the lien upon the defendant presenting his petition setting forth his defense and of what it consists, and upon his entering approved se *216 curity in double the amount claimed and probable costs; and thereafter the material disputed facts, if any, shall be tried by a jury, without further pleadings, with the same effect as if a writ of scire facias had duly issued upon said claim to recover the balance thereof; but the jury shall be sworn to try the issues between the claimant and the parties signing the bond, and verdict, judgment and execution shall follow as in an action commenced at law.
The above explains how the Empire State Surety Company came upon the record as defendant. It seems perfectly clear that on filing the petition and entering the bond, and the discharge of the lien by the court, the issue to be tried is made by the lien and the defense set up in the petition to enter security. Wyss-Thalman v. Beaver Valley Brewing Co., 216 Pa. 435, decides, as stated in the syllabus: “Where a scire facias sur mechanic’s lien is tried on the merits, the issue being made up by the writ, the affidavit of defense and the replication, the trial court cannot be convicted of error because it refuses to direct a formal plea to be entered before the jury is sworn upon a motion for that purpose.” In the present case the lien stood in place of a scire facias as no writ of scire facias could issue after the discharge of the lien. The petition set up the defense; therefore, the case could be tried on the merits.
In view of that decision, the twenty-fifth section of the act of 1901 and the condition of the record in the present case, we have no hesitation in dismissing the first and second assignments of error.
As to the averment in the second assignment that the amendment allowed by the court discharges the Empire State Surety Company from the liability upon its bond, we do not think there is much difficulty. The amendment allowed was purely formal and in no degree changed the cause of action or increased the liability of the surety company above what it ought to have anticipated from the contents of the original lien. Amendments of the character complained of in the second assignment may be made: Maus v. Maus, 5 Watts, 315; Schmidt v. Zeigler, 30 Pa. Superior Ct. 104; Davis v. Church, 1 W. & S. 240; Sec. 51. Act of June 4. 1901. P. L. 431.
*217 The third, fourth, fifth and seventh assignments are to the charge of the court in refusing to give a binding instruction in favor of the defendants, and they raise substantially the same questions.
The sixth assignment is: “The learned court erred in overruling the objection of the Empire State Surety Company to the making absolute rule to amend the lien filed.” We have already disposed of this question in considering the second assignment and, therefore, the sixth assignment is not sustained.
We will now briefly consider the third, fourth, fifth and seventh assignments. The defendants did not properly raise any question as to the form of the lien, but claim (a) that the credits on the building operation had not been properly applied and that a smaller amount was due than that claimed; (b) that there was a covenant against liens and that the allegations of fraud in the procurement of the contract containing the covenant against liens, filed with the lien, were not sustained by the evidence; (c) that plaintiff could not repudiate the contract because he had sought an equitable remedy, by reason of its breach, which suit was dismissed for want of jurisdiction in equity and because there was a remedy at law. These were the issues actually tried and the jury found against the defendants on all of them. The question then arises, under the assignments last mentioned, did the court commit reversible error? The charge is very brief and it is all assigned for error. It called attention to the plaintiff’s contract with the defendant, waiving the right to a lien, and told the jury that if this contract was procured by false and fraudulent means then the plaintiff might disregard it and file and sustain his lien. We do not understand that there is any serious dispute, under the evidence, as to the amount of the verdict, if the plaintiff was entitled to recover at all.
The learned counsel for the defendants contends that there was not sufficient evidence to avoid the contract not to file liens, on account of fraud and deception. Upon this point, we think, the evidence was sufficient to carry the question to the jury. We will not take time and space to recite the evidence, but think there is sufficient in the record to warrant the jury *218 in finding that the plaintiff was induced to enter into the contract against liens by false and fraudulent representations made by Churchill.
But the learned counsel for the defendants contends that, at most, there was only a mere breach of contract by Churchill and that this will not avoid the covenant against liens. In support of this proposition, he cites Long v. Caffrey, 93 Pa. 526. But that was a case where the mechanic stipulated in writing with the owner that he would not file a mechanic’s lien, and the owner stipulated that after the building was constructed he would insure it and assign the pohcy to secure the deferred payments to the builder. The Supr.eme Court held that the different parts of the contract, on that subject, are separate and independent covenants. That case is readily distinguishable from the present one. The mechanic was to wait until the building was completed for a portion of his money and he trusted the owner to insure the building and assign the pohcy. The principle in that case has no application to the question involved in the case under consideration. In it the jury evidently found that the plaintiff was induced to execute the covenant against hens by false and fraudulent representations made at the very time the contract was executed. Purvis and Co. v. Brumbaugh, 8 Pa. Superior Ct. 292, is also cited, but there was no fraud in that case; the contractor agreed not to file hens and the owner agreed to pay in installments and it was held that the failure to pay the installments did not relieve from the covenant not to file hens. This is very clear because it has never been held fraudulent for a man to fail to pay instahments falling due in the future, without more.
We are not without authority that a covenant against hens, procured by fraud, will not be enforced. One of these cases is Ballman v. Heron, 160 Pa. 377, where it is said: "If the contract is not made in good faith but is entered into for the purpose of misleading and so defrauding subcontractors and material men, it should be held invahd because of the fraud.” See same case, 169 Pa. 510; also Bohem & Bros. v. Seel, 185 Pa. 382; Harding and Dubois v. Lloyd, 3 Pa. Superior Ct. 293; Brown v. Eccles, 2 Pa. Superior Ct. 192.
*219 There was evidence that Churchill falsefy stated to the plaintiff, at the time the contract was made, that each of the three properties to be set aside as security to the plaintiff was subject only to a mortgage of $1,600, while at that very time they were and remained subject to another mortgage of $25,000. In addition to this there was evidence that, under his agreements with other parties, Churchill did not own and control the said three properties so that he could set them aside as security to the plaintiff, as he agreed to do when he procured the covenant against liens. We think there is ample evidence to warrant the jury in finding that the contract against hens was void on account of the fraud practiced by Churchill which induced the plaintiff to execute it.
It is argued that the plaintiff waived his right to rescind the contract on the ground of fraud.' This the appellant says is shown in three ways: (a) the plaintiff received payment on account of the contract after knowledge of the facts upon which he relies to avoid it; (b) that plaintiff demanded the proceeds of the sale of the. three houses; (c) that with full knowledge of the facts, plaintiff filed a bill in equity asking for an accounting of the proceeds of the sale of the three houses. We fail to see how the plaintiff is prejudiced by receiving payments on account of his work and material furnished. Surely he had a right to demand and receive all of his money as fast as it became due. Moreover, it does not clearly appear that at the time plaintiff received payments under the contract, demanded the proceeds of the sale of the three houses, and filed his bill in equity, he was fully informed as to the true situation. Nor do we understand that plaintiff waived anything by insisting on the payment of the money due him out of the proceeds of the houses which had been disposed of contrary to Churchill’s agreement. It would seem that the fraud was not in failing to set aside the houses, so much as in representing that he was the owner and could set them aside, while in fact he, plaintiff, was not the owner nor in position to comply with this agreement when the contract was made, nor at any time thereafter.
It is contended that the hen is bad because claimant did not give a bill of particulars nor show the quantity of work done and *220 materials furnished and the time when furnished. If this is so, and it is material, it ought to have been raised by a motion to strike off the hen. It is too late to raise this question after giving security and having the hen discharged under the provisions of the act of 1901. But the hen avers in paragraphs five and six that the kind and character of the work and materials are for painting and glazing, and the amount is $110. Paragraph six of section 11, Act of 1901, P. L. 431, requires a detailed statement of the kind and character of the labor and materials furnished only when the contract is with other than the owner or not for an agreed sum. The amendatory Act of April 17, 1905, P. L. 172, requires to be stated the amount claimed to be due and the nature or kind of the work done, or the kind and amount of materials furnished, or both; and the time when the materials were furnished, or the work done, or both, as the case may be. But the act of 1905 does not apply to this hen, the contract for the work and materials having been made before the passage of that act: Horn & Brannen Mfg. Co. v. Steelman, 215 Pa. 187. But if it did apply it would not change the.result. That provision of the act is in substantially the words of the act of 1836. This clause of the act of 1836 was construed in Young v. Lyman, 9 Pa. 449, where it was held that in case of contracts with the owner no bill of particulars need be attached; see also Bohem Bros. v. Seel, 185 Pa. 382.
We are not convinced that this record discloses any reversible error. The assignments of error are ah dismissed and the judgment is affirmed.