## Jones, Inc., v. 57 Corporation

*I. B. Fenner*, for plaintiff.

*S. D. Engelbach*, for defendant.

FLOOD, J., July 23, 1954. — A mechanic's lien was filed in this case under a contract which provided for a waiver of the right to file a lien and also provided that the owner would place in escrow a sum of money sufficient to cover the cost of the contract. We have before us the owner's motion to strike the lien from the record because of the waiver in the contract. The contractor has filed an answer averring failure of consideration in that the owner failed to place any amount in escrow for the payment of the contract. While under the depositions it appears that the owner placed such amount in a special account it remained under his control and was not placed in escrow.

It would appear at first blush that the failure of consideration alleged in the answer invalidates the waiver of the right to file the lien. So the most recent case has held: Beccia v. Hause, 6 D. & C. 666 (1924). Although an earlier appellate court case had held that the promise of the owner to make special arrangements for payment of the contractor was independent of the waiver provision, and that failure of the owner to make the proper arrangements would not invalidate the waiver (Long v. Caffrey, 93 Pa. 526 (1880)), it was later held that fraud in the inducement would invalidate the waiver: Vansciver v. Churchill, 35 Pa. Superior Ct. 212 (1908). In view of this state of the law we do not believe that the motion to strike the lien should be granted prior to the trial. In our opinion an answer should be filed by the owner and the case should go to trial so that a fuller exposition of the facts may be had before the decision is made. It has been held that a waiver must be raised in the answer rather than in a motion to strike: Connell v. Ker, 9 Dist. R. 145 (1900).