## Scheipe v. Montone

Before Pinola, P. J., and Schiffman, J.

*Louis G. Feldman* and *Richard A. Kane,* for plaintiff.

*Roy N. LaRocca* and *John L. Bigelow,* for defendants.

PINOLA, P. J., March 7, 1962.—On or about August 25, 1961, plaintiff contracted with one Joseph Pecci to furnish certain materials to be used at premises no. 410 East Diamond Avenue, Hazleton, the property of defendants.

Plaintiff's claim recites that the first materials were furnished by him on September 1, 1961, and the last were furnished on September 30, 1961.

On November 29, 1961, plaintiff served defendants with a notice of intention to file a mechanic's lien because of nonpayment of the materials furnished. We point out that the affidavit of this service is dated November 27, 1961, two days before the date of the alleged service. On December 29, 1961, he filed a lien in the amount of $983.41.

Defendants, on January 26, 1962, petitioned to strike the mechanic's lien. In his answer, plaintiff does not raise any material issue.

There is no doubt that plaintiff is a sub-contractor. In the fourth paragraph of his notice of intention to file mechanic's claim, it is recited that the materials ordered were "for use in the alterations, repairs and additions of the said house. . . ." And while in the introduction to his claim plaintiff states that the materials were furnished in connection with the "erection and construction of said building," in his claim (paragraph 9), he distinctly states that they were furnished "in and about the alteration and repair of the apartment building numbered 410 East Diamond Avenue."

It is elementary that mechanic's liens being purely creatures of statute are available only upon such terms as the legislature saw fit to provide and, therefore, if the statutory procedures are not complied with, the lien is wholly lost: Hoffman Lumber Co. v. Mitchell, 170 Pa. Superior Ct. 326; Westmoreland Guaranty Bldg. & Loan Assoc. v. O'Connor, 216 Pa. 543.

Section 2 of the Act of June 4, 1901, P. L. 431, 49 PS §23, provides:

"Nor shall any claim for alterations or repairs . . . be valid, unless it be for a sum exceeding one hundred

[dollars]; and, in the case of a sub-contractor, unless, also, written notice of an intention to file a claim therefor, if the amount due be not paid, shall have been given to the owners . . . on or before [the] day the claimant completed his work or furnished the last of his materials. . . ."

Defendants contend that the last materials were furnished on September 29, instead of September 30, 1961. This difference is immaterial.

Section 8 of the Act of 1901, supra, as amended, 49 PS §101, provides:

"Any sub-contractor, intending to file a claim, must give to the owner written notice to that effect . . . Such notice . . . must be served at least one month before the claim is filed, and within three months after the last of his work was done or materials furnished, if he has six months within which to file his claim, and within forty-five days thereafter, if he has but three months within which to file it; . . ."

Under section 10 of the Act of 1901, supra, 49 PS §52,—

"In the case of . . . alterations and repairs . . . the claim must be filed in the court of common pleas of the county . . . in which the structure or other improvement is situate, within three months after the claimant's contract or agreement is completed; . . ."

Thus a sub-contractor claiming for alterations or repairs must give two notices before filing a mechanic's claim; first, a notice in writing of his intention so to do if the amount due be not paid, which notice must be given on or before the day claimant completed his work or furnished the last of his materials; and second, a written notice of such intention verified by affidavit, which must be given within 45 days after the last day his work was done and materials furnished.

Here plaintiff served only one of the required notices of intention to file a mechanic's lien on defendants, and that was served on November 29, 1961. Clearly he failed to comply with section 2. And since the last materials were furnished on September 29, 1961, he has likewise failed to comply with section 8. Therefore, the claim must be stricken.

Accordingly, we make the following

*Order*

Now, March 7, 1962, defendant's rule to show cause why plaintiff's claim should not be stricken is made absolute, the lien is stricken, and the prothonotary is directed to return the sum of $1200 heretofore posted as security by defendants.