Toll et al., Appellants, *v.* Beckerman et al.

Argued December 2, 1929.    Before MOSCHZISKER, C. J., FRAZER. WALLING, SIMPSON, KEPHART and SCHAFFER, JJ.

*Samuel J. Gottesfeld*, with him *Rose & Watkins*, for appellants.—Section 23 of Mechanics' Lien Act confers

no substantive rights, merely a remedy to effectuate rights elsewhere in the act conferred: Hiestand v. Keath, 229 Pa. 149.

Section 13 of Mechanics' Lien Act does not, under the facts, postpone claim to lien of mortgage: Ballman v. Heron, 160 Pa. 377; Waters v. Wolf, 162 Pa. 153; Wigton & Brook's App., 28 Pa. 163; Eisenberg v. Wolf, 86 Pa. 169; Reynolds v. Miller, 177 Pa. 168; Am. Fire Ins. Co. v. Pringle, 2 S. & R. 138.

Under section 5 of Mechanics' Lien Act providing that a contract waiving and prohibiting the filing of liens by all persons, made by owner with one not intended in good faith to be the contractor, shall be invalid, a subsequent purchaser's or mortgagee's ignorance of the fraud does not affect materialman's right to lien: Hiestand v. Keath, 229 Pa. 149; Kyle v. Graham, 46 Pa. 6; Todd v. Gernert, 223 Pa. 103.

This court has consistently held that, under section 5, a contract, if fraudulent, is totally invalid for all purposes and as to all persons: Brennan v. Kennedy, 69 Pa. Superior Ct. 77; McCune v. Hatch, 18 Pa. Superior Ct. 469; Ballman v. Heron, 160 Pa. 377; Ballman v. Heron, 169 Pa. 510; Bohem v. Seel, 185 Pa. 382; Camden Wood Turning Co. v. Malcolm, 190 Pa. 62.

Claimants are not estopped from filing lien under section 15, clause 1: Pagnacco v. Faber, 221 Pa. 326; Pagnacco v. Faber, 224 Pa. 18; Vansciver v. Churchill, 35 Pa. Superior Ct. 212; Cuttle v. Brockway, 32 Pa. 45; Hill v. Epley, 31 Pa. 331; Waters v. Wolf, 2 Pa. Superior Ct. 200.

*John Stokes Adams,* for Temple Building & Loan Association, appellee.—The position of appellee is that whether or not the claimants may avoid or rescind their covenant as against Beckerman, they cannot avail themselves of the right to do so as against the petitioner who acquired a lien on the property relying upon the claimants' waiver of liens and without any knowledge or no-

4

tice of any fraud or of any contention on the part of the claimants that their waiver was not valid.

Opinion by Mr. Justice Simpson, January 6, 1930:

The Malvern Hotel Apartments Corporation, hereinafter called corporation, entered into a contract with Henry Beckerman for the erection of a building on its property. He, in turn, contracted with appellants, naming himself as owner, for the doing of certain work in the course of the construction. Each of these contracts contained a waiver of the right to file a mechanic's lien claim, and each was duly entered of record. Later, appellants filed such a claim, alleging therein that they had been deceived into agreeing to the waiver by the false and fraudulent representations of Beckerman (1) that he was "a person of strong financial means and responsibility," and (2) "that he was the real and registered owner of the property."

After the work on the building had been completed, appellee loaned the corporation the sum of $25,000, taking a mortgage therefor, the time of its recording being subsequent to that averred in appellants' lien as the date of the visible commencement of the construction work on the ground. Because of this, if the property had been sold at sheriff's sale while the record was in that state, the mortgage would have been discharged, and hence appellee filed a petition under section 23 of the Mechanics' Lien Act of June 4, 1901, P. L. 431, 442, to have it adjudged that appellants' "claim is postponed to the rights of the petitioner," as mortgagee. Appellants answered averring that the waiver in its contract with Beckerman was void because of the same alleged false and fraudulent representations set forth in its claim as above. The case was heard upon petition and answer; an opinion was filed stating that the first of the alleged false and fraudulent representations had not been pressed; and, since, also, it was not argued in this court, it must be treated as abandoned: Miners State

Bank v. Auksztokalnis, 283 Pa. 18; Wagner-Taylor Co. v. Spinelli, 295 Pa. 455. The court below concluded that the second of the alleged misrepresentations, even if appellants' allegations were true, did them no harm so far as concerned the question to be decided. It therefore granted the prayer of the petition, and the mechanic's lien claimant appealed.

Appellants have made an elaborate and ingenious argument to sustain their contention, but we cannot agree with it. Section 23 of the statute, under which the petition was filed, provides that "Any party having a lien against, estate in, or charge upon the property included in such [mechanic's lien] claim, may file his petition, under oath or affirmation, averring that the date mentioned in the claim as the time when the structure or other improvement was commenced is incorrect, or that the claim is filed against more land than should be justly included therein, *or that for any reason* the claim is postponed to the rights of the petitioner, and praying an appropriate decree......[and the court shall then] make such order or decree as the facts shall warrant." Admittedly the important question to be decided is therefore: Do the admitted facts disclose any reason why appellants' claim should be "postponed to the rights of the petitioner?" In answering it, we must bear in mind that the section is highly remedial in character, intended to prevent in the future the injustice made possible under the preceding statutes (see Reading v. Hopson, 90 Pa. 494; Eckels v. Stuart, 212 Pa. 161; Citizens Bank of Palmerton v. Lesko, 277 Pa. 174) and hence "is to be construed by giving the words used the largest, the fullest, and the most extensive meaning of which they are reasonably susceptible": Cresson Boro. v. Seeds, 286 Pa. 288, 295.

When appellee loaned to the corporation the $25,000 which was secured by the mortgage of the latter, it was dealing with the record owner of the property, in possession thereof, and, beyond this, aside from possibly un-

filed mechanic's, municipal and tax liens, it was only obliged to examine the appropriate indexes in the office of the recorder of deeds, and of the various courts of record whose territorial jurisdiction embraced the mortgaged property: Salvation Army, Inc., Trustees, v. Lawson, 293 Pa. 459. Such an examination would have disclosed nothing regarding appellants' claim, which had not yet been filed. As stated, appellee was required to ascertain, however, whether or not a mechanic's claim could subsequently be filed against the property. Whether or not it did this is not stated, and hence it is bound by what the records of the court of common pleas would have disclosed on that point, this being the place, under the statute, where a waiver of the right to file a lien would have to be recorded in order to be effective. If it found such a record, it was not obliged to go further, in the absence of knowledge that the waiver was obtained by fraud or of something that would put it on notice in regard thereto. If appellee had searched the record, as possibly it did, it would have learned that, by their contract, appellants had personally waived the right to file a lien, and had further stated therein "that there are no inducements, understandings or agreements leading up to or inducing the execution of this contract which are not contained herein." To permit these two provisions to be overthrown by an allegation that execution of the contract was induced by false and fraudulent representations not included therein, would, as to innocent third parties, such as appellee, be grossly inequitable, and hence as to them the conduct of appellants equitably estopped them from filing a lien, as section 15 of the statute (P. L. 438) expressly provides that it should. The fact that the contract between Beckerman and appellants recited that Beckerman was the owner, does not alter the conclusion stated. Whether Beckerman was the owner in fee, or only the general contractor with the corporation, appellants had, aside from the waiver clause, the right to file a lien, and this right they

could and did personally waive. It is not to be supposed that the legislature intended to put upon purchasers and mortgagees the risk of such a fraud having been practiced on lien claimants. If appellants were wronged, they have a remedy against the wrongdoer and those acting with him, and against them only, for even "where the contract is made in bad faith for the purpose of misleading and defrauding subcontractors and materialmen the stipulation [waiving the right to file a lien] will be held invalid......only as to those who were parties to the fraud or had knowledge of it before their rights in the property had been acquired": Westmoreland Guarantee B. & L. Assn. v. Connor, 216 Pa. 543, 547. This is equitable and just and maintains unimpaired the general rule for the protection of purchasers and mortgagees.

Section 5 of the Mechanics' Lien Law of 1901 (P. L. 433), upon which also appellants rely for their allegation that appellee's contention fails, does not help them. It provides that "A contract made by the owner with one not intended in good faith to be the contractor for the structure or other improvement, shall have no legal effect, except as between the parties thereto......but such contractor, as to third parties, shall be treated as the agent of the owner." Assuming that the contract between the corporation and Beckerman is within the purview of this section, then it had no legal effect as to appellants, and Beckerman in his contract with them is "to be treated as the agent" of the corporation. Nowhere is it said that "a contract made by the owner with one not intended in good faith to be the contractor" shall operate to relieve a subcontractor who, by his personal contract, waives the right to file a lien. It only provides against binding the subcontractor by a waiver which appears in the recorded contract between the owner and the fictitious general contractor; a fraud often successfully practiced prior to the passage of this statute.

The great burden of appellants' argument is that the broad language of section 23 should be restricted by that of section 13 (P. L. 437), which provides that "The lien of the claim shall take effect as of the date of the visible commencement, upon the ground, of the work of building the structure or other improvement, and shall be paid out of the proceeds of a judicial sale of the property described therein, in preference to any estate, charge or lien of which the claimant had not actual or constructive notice at the time, except municipal and tax claims and the exemption provided by law." The purpose of this section is, however, an entirely different one from that of section 23, and cannot properly be so construed as to limit the scope of the latter. To sustain appellants' argument section 13 would have to be so interpreted as to prevent the waiver of the right to file a lien in any case, though this right is expressly provided for in section 15. The only relevant purpose of section 13 is to prescribe the order of distribution after a sheriff's sale, whereas section 23 is intended to determine equitably the rights of adverse parties, so that each may know what his status will be in case of and before such sale. Moreover, appellants wholly overlook the fact, to which we have already adverted, that their contention would limit the scope of the language of section 23, which, as a remedial provision, cannot be thus restricted.

We, therefore, hold that section 23 means exactly what it says, and may be invoked in any and every case where "for any reason [legal or equitable] the [mechanic's lien] claim is postponed to the rights of the petitioner"; that appellants' claim is so postponed as to appellee; and hence

The order of the court below is affirmed.