## Stringert & Bowers, Inc., Appellant, *v.* On-Line Systems, Inc. et al.

Argued April 18, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

198

*C. Daniel Carney*, with him *Thorp, Reed & Armstrong*, for appellant.

*James R. Miller*, with him *David B. Fawcett, Jr.*, and *Dickie, McCamey & Chilcote*, for appellees.

OPINION BY PRICE, J., September 22, 1975:

The issue in this case is whether an agreement by a subcontractor to waive a mechanics' lien, obtained through the owner's fraud, can validly be asserted to prevent the subcontractor from filing a lien claim. We hold that it cannot be so asserted.

The lower court disposed of this case by sustaining the defendants-appellees' preliminary objections in the nature of a demurrer to plaintiff-appellant's complaint. Thus, for purposes of this appeal, we must accept as true the facts averred in appellant's complaint, and he must be accorded all the inferences reasonably deducible therefrom. *Allstate Insurance Co. v. Fioravanti*, 451 Pa. 108, 299 A.2d 585 (1973).

Appellant's complaint alleged that appellee On-Line Systems, Inc. (On-Line) engaged appellee McKnight Construction Co. (McKnight) to perform construction work on a building owned by On-Line in Ross Township, Allegheny County. On September 24, 1971, McKnight engaged appellant as a subcontractor. The written contract entered into by McKnight and appellant contained, on page 5, a waiver of lien agreement which was subsequently recorded in the prothonotary's office. Prior to this time, McKnight had submitted to appellant a copy of the proposed contract between McKnight and On-Line, prepared for the purpose of inducing bids from general contractors and subcontractors. This contract contained a clause which would have required McKnight to procure performance and materials bonds, guaranteeing payment to the subcontractors. Appellant averred that he relied on these clauses in signing the waiver of lien agreement.

Appellant further averred that the performance and materials bond clause was fraudulently omitted by McKnight and On-Line in the final contract between them.

Appellant completed his work under the contract on June 16, 1972, and sought payment of $12,000 for labor and materials. When payment was not forthcoming, appellant instituted a complaint on mechanics' lien against On-Line's property. On-Line filed preliminary objections to the complaint in the nature of a demurrer (Pa. R. C. P. No. 1017(b) (4) ), setting forth the waiver, and asking that the complaint be dismissed. The lower court sustained the preliminary objections and dismissed the complaint. From this action the appellant appeals.

At this court noted in *Malin v. Nuss,* 234 Pa. Superior Ct. 259, 262, 338 A.2d 676, 678 (1975), "[a] waiver of lien agreement is basically a contract between two parties in which one party promises not to file a lien against property of the other." The general rule, of course, is that fraud in the inducement renders a contract voidable at the option of the defrauded party. Restatement of Contracts §476 (1932) ; *Rose v. Rose,* 385 Pa. 427, 123 A.2d 693 (1956). One would expect fraud in the inducement, then, to render a waiver of lien agreement voidable at the option of the defrauded party. In *Vansciver v. Churchill,* 35 Pa. Superior Ct. 212 (1908), this court held that a "covenant against liens'" procured through fraud and deception was void.

In the present case, On-Line contends that fraud cannot be held to void the waiver of lien agreement because the waiver was filed in the prothonotary's office. The purpose of such filing is to give "notice to the world" that a waiver of lien agreement has been executed. On-Line contends that to allow the waiver of liens to be voided would defeat the purpose of filing and giving notice. However, filing the agreement is for the benefit of third parties, presumably investors. The filing did not place On-Line on notice of the waiver—it knew of it

before it was filed. Therefore, the fact that the waiver was recorded should not have any effect on the rights of appellant and appellees, *inter se.*

In a conflict between a bona fide purchaser or similar innocent party, who had detrimentally relied on the filed waiver of lien agreement, and the subcontractor asserting that he was fraudulently induced to sign the agreement, a decision in favor of the bona fide purchaser would be mandated. *Toll v. Beckerman,* 299 Pa. 1, 148 A. 904 (1930). Under those circumstances, the purpose of recording *would* be defeated by allowing the subcontractor to assert his lien. However, that is not the case before us. Here, we are called upon to resolve a conflict between the party allegedly defrauded and the party allegedly guilty of committing the fraud.

In *Toll v. Beckerman, supra,* a contractor was fraudulently induced to sign contracts containing waiver of lien clauses. While the waivers were on record, the appellee loaned money to the owner and took a $25,000 mortgage on the property. Subsequently, the contractor filed a mechanics' lien claim in spite of the waiver, on the grounds that the waiver had been obtained by fraud. The appellee filed a petition to have the contractor's lien claim postponed to his mortgage claim. The court granted the petition, holding that the appellee was justified in relying on the recorded waiver. Implicit in the court's decision, however, is the fact that, although the waiver was valid as between the contractor and the innocent mortgagee, it was not valid as between the contractor and the fraudulent owner: " 'where the contract is made in bad faith for the purpose of misleading and defrauding subcontractors and materialmen the stipulation [waiving the right to file a lien] will be held invalid . . . . . . only as to those who were parties to the fraud or had knowledge of it before their rights in the property had been acquired.' (citation omitted)." 299 Pa. at 7, 148 A. at 905. Therefore, the recordation of a waiver of lien agreement

should not operate to protect an owner from his own fraud.

On-Line's second argument in favor of upholding the waiver is based on the fact that an action upon a mechanics' lien is an in rem proceeding. On-Line contends that to allow the appellant to assert his lien would convert the proceedings to in personam. We disagree. Permitting a contractor to assert the fraud of the owner no more converts a mechanics' lien action to one in personam, than does permitting the owner to assert the contractor's waiver. In the latter case, the contractor files a lien claim and the adverse interested party asserts the waiver. Obviously, the waiver will be effective against the contractor only if he, personally, is bound by it. *See* Section 402 of the Mechanics' Lien Act of 1963, P.L. 1175, No. 497, Art. IV (49 P.S. §1402).

When the contractor contends the waiver was invalid due to the adverse party's fraud, the basic procedure remains unaltered. The crucial point, of course, is that both waiver and fraud in the inducement are personal defenses, valid only against particular individuals. If the defense of a waiver is permitted to be asserted in a mechanics' lien action, why should the defense of fraud in the inducement be excluded? Perhaps the action is better described as one quasi in rem. At any rate, we do not accept the logic which will permit an owner to assert a contractor's waiver against the contractor, but will not permit the contractor to assert the owner's fraud against the owner.

In this case, On-Line was the owner of the property when the lien was obtained and filed. It was On-Line that obtained the waiver, allegedly through fraud. Now On-Line wishes to assert that waiver to its own benefit. The in rem nature of the proceedings cannot protect a party from his own fraud.

On-Line's final contention is that it must prevail because appellant has improperly joined a cause of action in fraud and deceit to its mechanics' lien claim, in vio-

lation of Pa.R.C.P. No. 1657: "No other cause of action may be joined with an action to obtain judgment on a [mechanics' lien] claim except that where the improvement is located in more than one county and claims have been filed in more than one of said counties the plaintiff may join the claims in a single action."

The lower court's opinion contains no mention of this point, and there is no evidence to support On-Line's conclusion. The complaint filed by the appellant contained two counts. The first count averred, in eleven paragraphs, that the waiver agreement was invalid due to lack of consideration.[1] The second count incorporated the eleven paragraphs of the first count by reference, and then pleaded fraud with particularity, as required by Pa.R.C.P. No. 1019(b). The only relief requested by appellant was the $12,000 allegedly due him for labor and materials. It seems clear that appellant's complaint did not contain a cause of action for fraud and deceit. It contained a cause of action based on a mechanics' lien claim, and fraud was pleaded as an element of that cause.

The Judgment of the lower court is reversed and the case is remanded for proceedings consistent with this opinion.

WATKINS, P. J., dissents.

VAN DER VOORT, J., did not participate in the consideration or decision of this case.

---

1. This argument was abandoned on appeal.