**Mason v. National Central Bank**

230

*Michael H. Kaliner*, for plaintiff.
*W. Richard Gentry*, for defendants.

WOOD, *J.*, September 17, 1980—On November 29, 1978, defendant, National Central Bank, agreed to finance a purchase by plaintiff, Denise Mason, of a 1978 Ford Fiesta automobile. By August, 1979 plaintiff had fallen two payments behind on her obligation under the installment sales contract. The complaint alleges that on August 30, 1979, plaintiff went to the Exton branch of defendant bank and informed defendant Weiss that she would be able to bring the loan current within two weeks. The complaint further alleges, and defendants deny, that Weiss allowed plaintiff to reinstate the loan in exchange for her permitting the car to be placed in the custody of the bank. She further claims, and defendants deny, that on August 27, 1979, she returned to the Exton branch and tendered payment of all that was then due. At that time defendants allegedly informed plaintiff that the car would not be returned and thereafter sold the car to a third party, all of which is once again denied by defendants. Nevertheless, for the purpose of our consideration of defendants' preliminary objections, we must accept the facts pleaded in the

complaint as true: Stringert & Bowers, Inc. v. On-Line Systems, Inc., 236 Pa. Superior Ct. 196, 345 A. 2d 194 (1975).

We have before us defendants' preliminary objections to counts II and III of the complaint, which attempt to allege a cause of action under both the Unfair Trade Practices and Consumer Protection Law of December 17, 1968, P.L. 1224, sec. 1, as amended, 73 P.S. §201-1, and the Uniform Commercial Code-Secured Transactions, 13 Pa.C.S.A. §9101 et seq. Defendant bank also filed an answer to count I and a counterclaim for a deficiency judgment pursuant to the Motor Vehicle Sales Finance Act of June 28, 1947, P.L. 1110, as amended, 68 P.S. §626. Plaintiff filed a timely reply and also added two counts of new matter. Count II of the new matter alleges a violation of the Truth in Lending Act of May 29, 1968, 82 Stat. 146, as amended, 15 U.S.C.A. §1601 et seq., and the regulations promulgated pursuant to that act. Defendants, thereupon, filed preliminary objections to count II of the new matter.

Defendants' preliminary objections in the nature of a demurrer to counts II and III of the complaint and their motion to strike count II of the new matter were sustained by order of this court dated June 25, 1980. Plaintiff has appealed that order, necessitating this opinion.

Section 3 of the Unfair Trade Practices and Consumer Protection Law, 73 P.S. §201-3, makes "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce" unlawful. 73 P.S. §201-2(xiii) defines "unfair methods of competition" and "unfair and deceptive acts or practices" as, among other things, "[e]ngaging in any . . . fraudulent conduct

which creates a likelihood of confusion or of misunderstanding." Plaintiff alleges that, as a result of defendants' misrepresentations concerning the return of her automobile, she was deprived of her sole means of transportation to her job at Lasko Metal Products and therefore was forced to resign. Plaintiff further argues that the alleged breach of defendants' promise to return the car upon tender of all the payments then due constitutes a "deceptive act or practice" within the meaning of the act.

73 P.S. §201-9.2, the only section of the act which provides for private actions, reads:

"(a) Any person who purchases or leases goods or services primarily for personal, family or household purposes and thereby suffers any ascertainable loss of money or property real or personal, as a result of the use or employment by any person of a method, act or practice declared unlawful by section 3 of this act, may bring a private action, to recover actual damages or one hundred dollars ($100), whichever is greater. The court may, in its discretion, award up to three times the actual damages sustained, but not less than one hundred dollars ($100), and may provide such additional relief as it deems necessary or proper."

The statute says that a person must purchase or lease goods and "thereby" lose money or property, based upon a deception or unfair practice. We consider that the loss must follow the purchase, and that the purchase itself must have been due to a deceptive practice. In this case, the allegation is not that the deceptive act induced the purchase, but rather that it induced plaintiff to surrender what she had purchased months before. Hence, we do

not consider that the facts alleged fit into the statutory cause of action.

We might add that we have difficulty seeing what the measure of damages might be, even if the cause of action were established. Having defaulted in her payments, her car was subject to the repossession provisions of the Motor Vehicle Sales Finance Act, supra, and particularly section 23: 69 P.S. §623. The alleged deceptive act may have made the repossession *easier*; we are not certain that it made it illegal.

Count III can be readily disposed of. It alleges a cause of action based upon the Uniform Commercial Code: 13 Pa.C.S.A. §§9504, 9507. Even if the Uniform Commercial Code gives plaintiff an absolute right to reinstate a contract after tendering certain payments, the Motor Vehicle Sales Finance Act has no such requirement. Where a conflict occurs between the provisions of the above two acts, the U.C.C. itself provides that the Motor Vehicle Sales Finance Act controls: Industrial Valley Bank and Trust Co. v. Shenkin, 74 D. & C. 2d 268 (1975); 13 Pa.C.S.A. §9203(b). Count III must therefore be dismissed.

Lastly, plaintiff avers that the court's ruling sustaining the preliminary objections to count II, of her new matter to defendants' counterclaim was contrary to law. Count II, rather than asserting an affirmative defense, attempts to state a new cause of action under the Truth in Lending Act, 15 U.S.C.A. §1601 et seq. This is a clear violation of Pa.R.C.P. 1030, and obliged us to strike that count.

We also note that plaintiff complains that she was not given an opportunity to submit a brief in support of her position concerning count II of her new mat-

ter contrary to Local Rule No. 211. Suffice it to say that defendants' preliminary objections to count II were filed on April 30, 1980, approximately seven weeks prior to the date of the court's order striking count II. If plaintiff wanted to take advantage of rule 211, she certainly had plenty of time to request that briefs be filed pursuant to that rule. In light of the fact that count II is such a blatant violation of Pa.R.C.P. 1030, coupled with the seven weeks of inactivity following the filing of the preliminary objections, the court concluded that plaintiff no longer seriously wished to pursue the position advanced in count II.

We affirm our prior order.