Roseann DiTEODORO

v.

**J.G. DURAND INTERNATIONAL, and Vornado, Inc., t/a Two Guys.**

Civ. A. No. 83–0464.

United States District Court, E.D. Pennsylvania.

June 22, 1983.

Jay Edelstein, Philadelphia, Pa., for plaintiff.

Jonathan Herbst, Philadelphia, Pa., for Durand.

Charles T. Roessing, Philadelphia, Pa., for Vornado.

## MEMORANDUM

NEWCOMER, District Judge.

Before this Court is defendant Vornado, Inc.'s motion to dismiss counts IV and V of the plaintiff's complaint for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). Defendant J.G. Durand International has joined in the motion. For the reasons stated below, the motion is denied.

### I.

■ Under the notice pleading contemplated by the Federal Rules, the complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Such a statement need only be detailed to the extent necessary to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 45–6, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957); *Geisler v. Petrocelli*, 616 F.2d 636, 640 (2d Cir.1980).

In *Conley*, the Supreme Court reiterated the basis for evaluating 12(b)(6) motions to dismiss: "A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." 355 U.S. at 45–6, 78 S.Ct. at 101–102. Applying this standard, the motion is denied as to both counts.

### II.

#### A. *Count IV: Punitive Damages*

■ Under Pennsylvania law, punitive damages are available "for outrageous con-

duct, that is, for acts done with a bad motive or with a reckless indifference to the interests of others." *Chambers v. Montgomery*, 411 Pa. 339, 344, 192 A.2d 355, 358 (1963), citing Restatement of Torts, § 908(1) comment b. Essentially, liability for punitive damages depends on the motives behind the defendant's conduct. These motives may be averred generally, since they are based on considerations involving "malice, intent, knowledge, and other condition of mind." Fed.R.Civ.P. 9(b).

■ By including Count IV in the complaint, the plaintiff gave the defendants fair notice of her claim for punitive damages. The limitation of punitive damages liability to outrageous conduct, coupled with the complaint's recitation of the chain of events leading to the plaintiff's injury, explains the grounds upon which the plaintiff's claim rests, i.e., that the defendants acted outrageously concerning the manufacture and/or sale of the dishware which allegedly caused her injury.

In applying the test stated in *Conley*, the available evidence is not considered; only the legal feasibility of the complaint is assessed. *Geisler*, 616 F.2d at 639. Since there are numerous sets of facts which could potentially be proven to establish the outrageousness of the defendants' behavior, the complaint is legally feasible.

Strictly speaking, the general averment of motive required by Rule 9(b) may call for a more specific allegation of the outrageousness of the defendants' conduct than exists in this complaint. However, given the adequacy of the notice to the defendants, dismissing this count on such a technicality would be a triumph of form over substance. Such a result would be contrary to the intentions of the Rules drafters to "facilitate a proper decision on the merits." *Conley*, 355 U.S. at 48, 78 S.Ct. at 103. In order to give the Rules their intended liberal construction, defendants' motion to dismiss Count IV is denied.

#### B. *Count V: Unfair Trade Practices*

Count V of the plaintiff's complaint also consists of a short and plain statement

which gives the defendants adequate notice of the claim and its basis. The complaint specifically alleges two violations of the Unfair Trade Practices and Consumer Protection Law (the Act), Pa.Stat.Ann. tit. 73, § 201–1 et seq. (Purdon 1983) (Plaintiff's complaint, ¶¶ 28, 29). From these paragraphs, the defendants have notice of the plaintiff's averments that she was the purchaser who relied upon the defendants' unfair practices, and that such reliance caused "ascertainable loss of money or property, real or personal." Pa.Stat.Ann. tit. 73, § 201–9.2 (Purdon 1983).

 Defendants are correct in much of what they assert in their memorandum in support of the motion. While it is true that the Act was intended to benefit the public at large, *Commonwealth By Kane v. Flick,* 33 Pa.Commw. 553, 559, 382 A.2d 762, 765 (1978), it is also true that it limits private actions to "any person who purchases . . . goods . . . primarily for personal, family, or household purposes. . . ." Pa.Stat.Ann. tit. 73, § 201–9.2 (Purdon 1983). In addition, such a purchase must be made in reliance on the deceptive practice alleged. *Mason v. National Central Bank,* 19 Pa. D. & C.3d 229, 232 (Chester County Ct. C.P.1980).

However, plaintiff asserts that she is a "purchasing consumer" and therefore entitled to protection under the Act. (Plaintiff's Answer to Defendant's Motion to Dismiss, p. 4). Though it is not clear from the pleadings that the plaintiff was the purchaser or that she purchased the dishes in reliance on the "unbreakable" claim, the plaintiff's complaint "is to be liberally construed in favor of the plaintiff" when evaluating a motion to dismiss. *Allen Organ Co. v. North American Rockwell Corp.,* 363 F.Supp. 1117, 1124 (E.D.Pa.1973). These issues can be settled more appropriately on a motion for summary judgment or at trial.

Defendants are also correct in asserting that the plaintiff's recovery is limited to the cost of the dish. Plaintiff misinterprets the references to "further compensatory damages" in the cases she cites. *Flick,* 33 Pa.Commw. at 560, 382 A.2d at

765; *Commonwealth By Packel v. Ziomek,* 352 A.2d 235, 238 (1976) (Pa.Commw.Ct.). Each of those actions was brought by the Attorney General, who sought civil fines for violations of injunctions which had been issued in public actions under the Act. Pa. Stat.Ann. tit. 73, §§ 201–4, 201–8 (Purdon 1983). The "further compensatory damages" which were mentioned were intended to reimburse the purchasers for their original outlays made in reliance on the deceptive practices. *Flick,* 33 Pa.Commw. at 559, 382 A.2d at 764; *Ziomek,* 352 A.2d at 237.

Since this case is a private action, not a public one (i.e., not one brought by the Attorney General on behalf of the public), the damaged plaintiff is recovering directly. As I interpret Pennsylvania law, the language limiting recovery to "ascertainable loss" suffered as a result of a deceptive practice is intended to limit plaintiff's relief to reimbursement for her original outlay. Thus, this is not a case where "further compensatory damages" are appropriate.

Still, the plaintiff does have a claim for the price of the dishes. Since this is compensable under the terms of the Act, plaintiff has stated a claim upon which relief may be granted. Therefore, defendants' motion to dismiss Count V of the plaintiff's complaint is denied.