Leon M. KARR

v.

**TOWNSHIP OF LOWER MERION and Keith Frederick, Township Manager of Lower Merion Township.**

Civ. A. No. 83–0954.

United States District Court, E.D. Pennsylvania.

Dec. 14, 1983.

Philip D. Weiss, Norristown, Pa., for plaintiff.

William H. Brown, III, Philadelphia, Pa., for defendants.

## MEMORANDUM AND ORDER

KELLY, District Judge.

This is a civil action brought pursuant to the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* ("ADEA") and 42 U.S.C. § 1983 and § 1985 for redress of harm to rights privileges and immunities secured by the fifth and fourteenth amendments to the Constitution of the United States. In addition to these alleged statutory violations, plaintiff advances claims grounded in tort and contract. Plaintiff seeks damages and injunctive relief ordering defendant to reinstate him in his former position. The jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 626.

Defendants, the Township of Lower Merion ("Township") and Keith E. Frederick ("Frederick"), the Township Manager, have moved to dismiss Counts II and III of the Complaint, pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted.

Count II of the Complaint seeks liquidated, compensatory and punitive damages under the ADEA as well as compensatory and punitive damages for a claim based on defamation. Count III is for breach of an express or implied contractual obligation to deal with plaintiff fairly and in good faith.[1]

## FACTS

Plaintiff was an employee of the Township for over 14 years. From August, 1968 through July, 1972 plaintiff held the position of Deputy Superintendent of Fire. From July, 1972 until his discharge in February, 1982 plaintiff was the Superintendent of Fire. Plaintiff alleges that throughout his period of employment he did an outstanding job and regularly received favorable comments concerning his performance from his superiors and from the Board of Commissioners.

Plaintiff, who was 60 years old at the time of his discharge, asserts that he was terminated because of his age. Plaintiff alleges that his discharge was part of a new policy and practice, implemented by the Township subsequent to the appointment of Keith E. Frederick, age 34, as Township Manager in December, 1978, of terminating all department heads who were either 60 years of age or older.[2]

The circumstances immediately related to plaintiff's termination may be summarized as follows: On January 29, 1982, plaintiff met with Deputy Superintendent of Fire, Thomas Hayden ("Hayden"), who told him that he had received a wrapped gift from a

---

1. Plaintiff has abandoned his claim for treble damages under the ADEA. Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss at 1 ("Plaintiff's Memo"). Defendants' Memo in Support of Motion to Dismiss ("Defendant's Memo") addresses a cause of action based upon intentional infliction of emotional distress. Since Plaintiff's Memo has not discussed this claim, the Court considers such claim, if one was originally contemplated by plaintiff's complaint, withdrawn.

2. In support of his "pattern or practice" allegation, plaintiff sets forth in his Complaint facts pertaining to the retirement of three other Township employees. In addition, plaintiff details various incidents involving himself which occurred over the two year period preceeding his termination. Since these episodes have no bearing on the present Motion to Dismiss, the circumstances surrounding these events will not be herein discussed.

third party. This third party was a good friend of Hayden's and Hayden did not know how to handle the matter. Plaintiff told Hayden that he should not have accepted the gift, since Hayden was leaving himself open to criticism. Later that day, Hayden showed plaintiff a small black and white TV and radio combination and told plaintiff that Hayden's wife had opened the wrapped gift. Hayden then asked plaintiff to help him. Plaintiff agreed to help Hayden, and at Hayden's insistence, plaintiff took the TV set in the box from Hayden, brought it home, and put it in his bedroom closet. Because of other pressures[3] and the fact that Hayden was due to leave on vacation the following week, plaintiff felt that he did not need to give this matter immediate attention or top priority.

On February 9, 1982, plaintiff met with Police Superintendent Patrick J. Joyce ("Joyce") and Township Personnel Director, Ernest Florio ("Florio") and was asked about the gift of a television set. Plaintiff explained how the TV set came into his possession and where the set was. Joyce then asked plaintiff to make a written statement which plaintiff did.

On February 23, 1982, plaintiff received a memorandum from Frederick announcing plaintiff's dismissal as of February 24th. Plaintiff was further told by Frederick at this meeting that plaintiff's wife's position as administrative assistant for the defendant would not be affected "provided there were no problems."

Plaintiff avers that on the day when Hayden accepted the TV gift, Hayden advised the Director of Personnel, Florio, whereupon Florio told Hayden to give the TV gift to plaintiff. Plaintiff avers that Florio advised Frederick of the matter and Frederick instructed Florio: "Give the set to Karr and you sit on it and do nothing." Plaintiff believes and avers that Frederick, Joyce and Florio, on behalf of the Township, used the TV gift received by Hayden and given to plaintiff under Florio's di-

rection as an excuse to dismiss plaintiff, while the genuine reason for the dismissal was age discrimination.

## DISCUSSION

### A. Damages Recoverable Under the ADEA

#### 1. Liquidated Damages

■ The Age Discrimination in Employment Act provides that in a private action a plaintiff may recover lost wages and liquidated damages in an amount equal to the unpaid wages if the violation is "willful." 29 U.S.C. § 626(b); *Wehr v. Burroughs Corp.*, 619 F.2d 276, 278 (3d Cir.1980).

#### 2. Compensatory Damages

■ The Third Circuit has ruled that compensatory damages for pain and suffering in the nature of emotional distress are unavailable under the ADEA. *Rogers v. Exxon Research Engineering Co.*, 550 F.2d 834, 842 (3d Cir.1977), *cert. denied*, 434 U.S. 1022, 98 S.Ct. 749, 54 L.Ed.2d 770 (1978). *Rogers* represents settled law in this circuit and we decline plaintiff's request that the holding of *Rogers* be reevaluated.

#### 3. Punitive Damages

■ Although the Third Circuit has not explicitly addressed the issue of punitive damages in an action under the ADEA other circuit courts which have given the issue plenary consideration have held that punitive damages are not recoverable under the ADEA. *Dean v. American Sec. Ins. Co.*, 559 F.2d 1036, 1039–40 (5th Cir. 1977) (en banc); *Walker v. Pettit Const. Co., Inc.*, 605 F.2d 128, 130 (4th Cir.1979). *See also Kelly v. American Standard, Inc.*, 640 F.2d 974, 979 (9th Cir.1981) ("[t]he award of liquidated damages is in effect a substitution for punitive damages and is intended to deter intentional violations of the ADEA.").

Likewise, courts of the Eastern District of Pennsylvania have rejected the view that

---

**3.** During this time, plaintiff was under pressure to research township records to provide material to the Township's labor counsel who were

representing the Township with respect to the unionization of the "house men" of the fire companies.

the statute contemplates the availability of punitive damages. *Boddorff v. Publicker Industries, Inc.*, 488 F.Supp. 1107, 1113–14 (E.D.Pa.1980); *Wagner v. Sperry Univac, Div. of Sperry Rand Corp.*, 458 F.Supp. 505, 517–18 (E.D.Pa.1978); *Platt v. Burroughs Corp.*, 424 F.Supp. 1329, 1336 (E.D. Pa.1976). The Court concludes that the clear weight of authority precludes, as a matter of law, punitive damages under the ADEA.

**B. Defamation Claim**

**[4]** Plaintiff's Complaint avers that "[a]s a result of defendants' actions, ... plaintiff has suffered loss of reputation and humiliation and continues to suffer same." Complaint ¶ 46. Defendants argue that the Complaint contains no allegation of a defamatory communication nor any allegation of the publication of such communication, essential elements of the tort of defamation under Pennsylvania law. *Steaks Unlimited, Inc. v. Deaner*, 623 F.2d 264, 270 (3d Cir.1980). *See also* 42 Pa.C.S.A. §§ 8343–8344 (setting forth the elements of a cause of action in defamation). Defendants, in effect, urge that the defamation claim be dismissed for failure to plead with specificity. This approach, however, contravenes the spirit of notice pleading incorporated by the Federal Rules of Civil Procedure, as well as the teaching of *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

In *Conley*, the Supreme Court reiterated the basis for deciding Rule 12(b)(6) motions to dismiss: "A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Id.* at 45–46, 78 S.Ct. at 101–102. *See generally* 2A Moore's Federal Practice ¶ 12.08 (2d ed. 1979).

The Second Circuit, addressing a similar argument involving a defamation claim, stated:

It is sufficient for dismissal purposes that appellant has advanced colorable claims of having been identified and de-scribed by defamatory comment. [T]he mode of pleading defamation is governed by Rule 8, Fed.R.Civ.P. which requires only that plaintiff's charges be set forth in a short and concise statement, detailed only to the extent necessary to enable defendant to respond and to raise the defense of res judicata if appropriate.

*Geisler v. Petrocelli*, 616 F.2d 636; 639–40 (2d Cir.1980). *Accord DiTeodoro v. Durand Intern.*, 566 F.Supp. 273, 274 (E.D. Pa.1983); *Zerpol Corp. v. DMP Corp.*, 561 F.Supp. 404, 412 (E.D.Pa.1983).

The Court finds that plaintiff's claim of defamation suffices under these liberal standards.

**C. Contract Claim**

Count III of plaintiff's complaint alleges that "[d]efendant breached its contractual obligation to deal with plaintiff in good faith", Complaint at ¶ 49, and "defendant failed to deal with plaintiff fairly." Complaint at ¶ 50.

Absent a specification of definite duration, a contract of employment is presumed to be terminable at will by either party. *Bruffett v. Warner Communications, Inc.*, 692 F.2d 910, 913 (3d Cir.1982); *Yaindl v. Ingersoll-Rand Co. Standard Pump-Aldrich Division*, 281 Pa.Super. 560, 570–71, 422 A.2d 611, 616 (1980). The plaintiff may overcome this presumption by showing the intent of the parties that the contract last for some definite period of time or for a reasonable time." *O'Neill v. ARA Services, Inc.*, 457 F.Supp. 182, 185 (E.D.Pa.1978).

At this stage of the proceedings, however, disposition of the contract claim is controlled by the recent case of *Novosel v. Nationwide Insurance Co.*, 721 F.2d 894 (3d Cir.1983). In *Novosel*, the Court held that the question whether the defendant's "custom, practice or policy created either a contractual just cause requirement [for termination of employment] or contractual procedures by which defendant failed to abide is a factual matter that

should survive a motion to dismiss." *Id.* at 902.

Defendants alternative request, that the Court grant summary judgment, is premature at this time. "Even when courts ultimately granted motions for summary judgment they acted only after the plaintiff had been given an opportunity to develop the facts of his case, not on a motion to dismiss." *O'Neill v. ARA Services, Inc.,* 457 F.Supp. 182 (E.D.Pa.1978), *quoted in Novosel,* at 903.