## Shadie Electrical Associates v. Highland Manor Associates

*James J. Riley*, for plaintiff.
*Arthur L. Piccone*, for defendant.

PODCASY, *J.*, August 20, 1984—This is a case involving a question of the validity of stipulations against liens entered into between Highland Manor Associates, a limited partnership, as owner, Lazovitz, Inc., a Pennsylvania corporation, as general contractor, and George Shadie Electrical Associates, Inc., as subcontractor.

Shadie, plaintiff herein, filed a statement of mechanics' claim against Highland Manor, defendant herein, on November 10, 1983, asserting a lien in the amount of $170,988.07 against premises in Exeter Borough owned by defendant, based on a claim for services and material furnished by plaintiff as an electrical subcontractor of Lazovitz, Inc.

On January 10, 1984, defendant filed preliminary objections to plaintiff's statement of mechanics' claim, averring that on February 16, 1982, plaintiff had entered into a contract with Lazovitz, Inc., waiving its right to file a mechanics' lien against the Exeter Borough premises owned by defendant. These preliminary objections were in the nature of a demurrer, praying that plaintiff's statement of mechanics' claim be stricken.

On March 5, 1984, an answer to these preliminary objections was filed by plaintiff, admitting that plaintiff had entered into the contract with Lazovitz, Inc., as averred by defendant, but denying that plaintiff had, by virtue thereof, waived its right to assert a mechanics' lien against the premises in question. The answer reads as follows:

"At the time the subcontract was entered into, plaintiff was unaware that the owner, Highland

Manor Associates, and the contractor, Lazovitz, Inc., were substantially the same party. Neither Lazovitz, Inc., nor Highland Manor Associates ever disclosed that fact to plaintiff. It is averred that in the event defendant had disclosed to plaintiff the fact that the owner and contractor were substantially the same parties, plaintiff would not have entered into the contract."

We now have before us the question of proper disposition of defendant's preliminary objections.

An examination of the contract which is attached as "Exhibit B" to defendant's preliminary objections discloses that plaintiff entered into the following agreement with its general contractor, Lazovitz, Inc., as set forth in Paragraph 15.3 thereof:

"Subcontractor hereby waives and releases its right to file any lien against any part of or the entire Project, or against any part of or the entire site."

Under Pennsylvania law a written contract between an owner and a general contractor which provides that no mechanics' lien may be filed by any subcontractor is a binding contract. Act of August 24, 1963, P.L. 1175, §402; 49 P.S. §1402. For such a provision barring the filing of liens to be valid, however, there must be a valid contract between owner and general contractor. Morrissey Construction Co. v. Cross Realty Co. (No. 2), 48 D.&C.2d 565 (1969). A provision barring mechanics' liens in an agreement in which the same entity is both owner and general contractor is a nullity, and if the general contractor is the agent of the owner, or if the owner is actually dealing with himself in executing the provision barring such liens, the provision is invalid. Glemba v. Gaso, 69 D.&C.2d 347 (1975); L-Co Cabinet Corp. v. Summit Square Apartments, Inc., 64 D.&C.2d 528 (1973). On the other hand, such a provision has been held to be valid, in the absence of

a showing of fraud, bad faith, or misleading conduct, when contained in an agreement between a corporate general contractor and several property owners, one of whom is the controlling owner of the corporation, and that the fact that a contractor is one of several owners does not prevent his good faith waiver of his right to a lien in such a manner as to bar the filing of liens by his subcontractors. Foggia Builders, Inc. v. RJD Contruction Co., 75 D.&C.2d 170 (1975), affd. without opinion, 240 Pa. Super. 723, 360 A.2d 235 (1976); Westmoreland Guarantee Bldg. & Loan Ass'n. v. Connor, 216 Pa. 543, 65 Atl. 1089 (1907).

Insofar as fraud is concerned, it has been held that a provision barring mechanics' liens is unenforceable if procured by false and fraudulent representations made at the very time at which the contract is executed, inasmuch as fraud in the inducement renders the provision void. Stringert & Bowers, Inc. v. On-Line Systems, Inc., 236 Pa. Super. 196, 345 A.2d 194 (1975); Vansciver v. Churchill, 35 Pa. Super. 212 (1908). Likewise, a contract made by an owner with a party not intended in good faith to be a general contractor has no legal effect on the rights of a third party, for the party purporting to act as general contractor will, in such a case, be treated as the agent of the owner. Act of August 24, 1963, P.L. 1175, §407; 49 P.S. §1407.

A copy of the waiver of mechanics' liens agreement entered into between defendant and Lazovitz, Inc., is attached to plaintiff's argument brief, and indicates that the agreement was signed by the same person as agent for the general contractor and as a general partner of defendant owner. While the insertion of such factual material in an argument brief is an improper manner in which to aver or present facts, therefore requiring us to disregard the legal

effect of the document for purposes of our present decision, it is clear that the document itself is one of the items of evidence which plaintiff would offer to introduce at trial in support of its contention that the corporation known as Lazovitz, Inc., and the limited partnership known as Highland Manor Associates are in fact substantially the same parties.

Nowhere in plaintiff's answer to defendant's preliminary objections is there any allegation that either Lazovitz, Inc., or Highland Manor Associates acted fraudulently or in bad faith. We believe, however, that the allegations of the answer are sufficiently broad to encompass proof that one or both of them engaged in misleading conduct by failing to disclose to plaintiff that they were "substantially the same parties," if such was indeed the case. To sustain a demurrer, it must appear with certainty that, upon the facts averred, the law will not permit a recovery by the plaintiff, and in cases where any doubt exists, that doubt must be resoved by refusing to grant the demurrer. Legman v. Scranton School District, 432 Pa. 342, 247 A.2d 566 (1968); Birl v. Philadelphia Electric Co., 402 Pa. 297, 167 A.2d 472 (1960); Sun Ray Drug Co. v. Lawler, 366 Pa. 571, 79 A.2d 362 (1951). We have no idea what evidence plaintiff intends to produce in support of the allegations in its answer, but we are convinced that it is entitled to attempt to pierce the corporate veil, if it can, to establish that the "owner" and the "general contractor" in this instance were substantially one and the same party, and that a fact finder must be given the opportunity to draw the inference, if it chooses to do so, that a failure to disclose this fact, if such was indeed the fact, to plaintiff prior to inducing plaintiff to waive its right to a mechanic's lien was misleading conduct sufficient to render the stipulation against liens invalid from its inception.

Plaintiff is also entitled to prove that there was, in fact no bona fide contract between Highland Manor, as owner, and Lazovitz, as general contractor.

## ORDER

It is hereby ordered, adjudged and decreed as follows:

(1) Defendant's preliminary objection in the nature of a demurrer is dismissed; and

(2) The Prothonotary of Luzerne County is directed to mail notice of entry of this order to all counsel of record pursuant to Pa.R.C.P. 236.