See, also, 166 F. Supp.2d 310, and —— F. Supp.2d ——, 2001 WL 1154396.

**ERIE COUNTY RETIREES ASSOCIATION and Lyman H. Cohen, for himself and all others similarly situated, Plaintiffs,**

v.

**The COUNTY OF ERIE, PENNSYLVANIA and Erie County Employees' Retirement Board, Defendants.**

No. CIV. A. 98–272 Erie.

United States District Court, W.D. Pennsylvania.

Aug. 23, 2001.

Daniel J. Pastore, Fairview, PA, for plaintiffs.

Richard A. Lanzillo, Mark J. Kuhar, Knox, McLaughlin, Gornall & Sennett, Erie, PA, for County of Erie, defendant.

John E. Cooper, Erie, PA, for Erie County Retirees Board, defendant.

## MEMORANDUM OPINION AND ORDER

McLAUGHLIN, District Judge.

Presently pending is Defendants' Motion in Limine [Doc. No. 74].

The history of this case is set forth in our earlier opinion, *Erie County Retirees Ass'n v. County of Erie*, 140 F.Supp.2d 466 (W.D.Pa.2001). Plaintiffs are Medicare-eligible retirees of Erie County, Pennsylvania who commenced this action alleging that the County violated the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, by providing them with health care coverage inferior to that provided to younger retirees. Plaintiffs have prevailed on the issue of liability and the two motions in limine pertain to the issue of damages. *See Erie County*, 140 F.Supp.2d 466. In the instant motion, Defendants seek to bar plaintiffs from offering evidence at trial regarding: 1) whether the County willfully violated the ADEA and/or whether Plaintiffs are entitled to liquidated damages; and 2) whether Plaintiffs are entitled to damages for losses including the loss of choice of physician and the loss of choice of health insurance plans. Defendants' Motion in Limine at 1. Defendants assert that this evidence is irrelevant, prejudicial, and lacks a proper foundation. *Id.* For the reasons set forth below, Defendants' Motion will be granted in part and denied in part.

■ With respect to the issue of willfulness, it is the Defendants' position that because the applicability of the ADEA to the facts of this case was unclear at the time the County implemented its different health plans, it is impossible for its violation to have been willful. Defendants' Brief in Support of Motion in Limine at 3; Transcript of Proceedings Held July 12, 2001 at 34. Plaintiffs assert that, at this stage in the proceedings, resolution of this issue is premature. Tr. of Proceedings at 45.

We are inclined to agree with Plaintiffs. An ADEA violation is willful if the employer either "knew or showed reckless disregard for the matter of whether its conduct was prohibited by the ADEA." *Starceski v. Westinghouse Elec. Corp.*, 54 F.3d 1089, 1099 (3d Cir.1995) (*quoting Hazen Paper Co. v. Biggins*, 507 U.S. 604, 617, 113 S.Ct. 1701, 123 L.Ed.2d 338 (1993)). A violation is not willful when an employer incorrectly but in good faith and non-recklessly believed that the particular age-based decision was permissible under the ADEA. *Hazen Paper*, 507 U.S. at 616, 113 S.Ct. 1701. Plaintiffs have represented to this Court that they have not had an opportunity to depose representatives of the County who were involved in the early stages. Tr. of Proceedings at 45. Plaintiffs have also represented that prior to the time the County changed Plaintiffs' health plans, a letter was sent to the County raising discrimination concerns. Plaintiffs' Brief in Opposition to Defendants' Motion in Limine at 5. On this record, we are unwilling to find that a willful violation is an impossibility. Accordingly, Plaintiffs will be permitted an opportunity to develop the record in this regard.

With respect to the damages issue, Defendants' motion will be granted. It is settled law in this Circuit that the ADEA does not authorize damages for pain and suffering. *Rogers v. Exxon Research & Engineering Co.*, 550 F.2d 834, 839 (3d Cir.1977); *cert denied*, 434 U.S. 1022, 98 S.Ct. 749, 54 L.Ed.2d 770 (1978), *overruled on other grounds by Smith v. Jos. Schlitz Brewing Co.*, 584 F.2d 1231 (3d Cir.1978), *vacated, Jos. Schlitz Brewing Co. v. Smith*, 442 U.S. 908, 99 S.Ct. 2819, 61 L.Ed.2d 273 (1979); *see also C.I.R. v. Schleier*, 515 U.S. 323, 326 n. 2, 115 S.Ct. 2159, 132 L.Ed.2d 294 (1995) (citing *Rogers* for proposition

that the Courts of Appeals have unanimously disallowed pain and suffering damages under the ADEA); *Karr v. Township of Lower Merion*, 582 F.Supp. 410, 412 (E.D.Pa.1983) (citing *Rogers* as settled law). Prior to oral argument on this motion, it was our understanding that Plaintiffs sought damages for the mental anguish caused by their inability to choose among physicians and between health insurance plans. At oral argument, however, Plaintiffs clarified that they do not seek damages for pain and suffering caused by lack of choice. Tr. of Proceedings at 40. Rather, Plaintiffs assert that what they seek is the value of the choice option that younger retirees were given under Select-Blue. *Id.* They contend that an actuary could provide an opinion on how much it would have cost Defendants to add the choice option to SecurityBlue, and rely on *Kelly v. Matlack*, 903 F.2d 978, 985 (3d Cir.1990) for the proposition that this cost is recoverable. *Id.* at 42.

Initially, the clarification provided by Plaintiffs at oral argument convinces us that this issue is not controlled by *Rogers*. The damages Plaintiffs seek are not for pain and suffering, and rather, the issue presented by this claim concerns the proper compensation for an impairment of health insurance benefits under the ADEA. We have already addressed this issue in our companion opinion issued today on Plaintiffs' First Motion in Limine Regarding Offset of Damages [Doc. No. 72]. However, for the sake of clarity, we will reiterate it in this context.

■ Fundamentally, the ADEA is of a make-whole nature. A prevailing plaintiff is entitled to be made whole for losses sustained as a result of discrimination, but is generally not entitled to be made more than whole. *Starceski v. Westinghouse Elec. Corp.*, 54 F.3d 1089, 1100 (3d Cir. 1995) (citing *Albemarle Paper Co. v.*

*Moody*, 422 U.S. 405, 95 S.Ct. 2362, 45 L.Ed.2d 280 (1975)). In light of this principle, we hold today in our opinion of Plaintiffs' First Motion in Limine Regarding Offset of Damages that Defendants will be entitled to present evidence regarding Plaintiffs' cost savings under SecurityBlue for the purpose of offsetting the damages they sustained under this plan. Also in light of this principle, we find that Plaintiffs will not be permitted to present evidence regarding the County's cost of providing the choice option. This is an expense that the Plaintiffs themselves never incurred, and awarding it in addition to the expenses they in fact incurred would make them "better than whole." *Rhodes v. Guiberson Oil Tools*, 82 F.3d 615, 620–21 (5th Cir.1996), *cert. denied*, 502 U.S. 868, 112 S.Ct. 198, 116 L.Ed.2d 158 (1991); *see also Merkel v. Scovill, Inc.*, 570 F.Supp. 141, 146 (S.D.Ohio 1983) (declined to award sum of health insurance premiums insurer would have paid on plaintiff's behalf in back-pay award because plaintiff never incurred these expenses and awarding them would make him more than whole). Simply, the cost to the Defendants of providing a benefit is not the proper measure of make-whole damages under the ADEA.

We do not find that *Kelly v. Matlack*, 903 F.2d 978, 985 (3d Cir.1990), requires a contrary result. Initially, the plaintiff in *Kelly* did not seek the employer's cost of providing benefits as Plaintiffs do here, but instead sought the value of the benefits as approximated in an employee handbook. *Kelly*, 903 F.2d at 985. Even if Plaintiffs sought to recover the value of choice, however, we do not find that *Kelly* requires a different decision. Aside from the fact that the value of choice strikes us as far more intangible than the value of the benefits at issue in *Kelly*, we do not read *Kelly* as holding that the proper mea-

sure of damages for lost insurance benefits in all ADEA cases is the value of the benefits. We are instructed on this point by the fact that at least one district court in this circuit has computed lost health insurance benefits in a situation where the plaintiff obtained replacement benefits by comparing the amounts expended by the plaintiff under each plan. *Curtis v. Robern, Inc.,* 819 F.Supp. 451, 459 (E.D.Pa. 1993).

Accordingly, on this ___ day of August, 2001, for the reasons set forth above,

IT IS HEREBY ORDERED THAT Defendants' Motion in Limine [Doc. No. 72] is GRANTED IN PART and DENIED IN PART.